COLOR-AD PACKAGING, INC. v. KAPAK
INDUSTRIES, INC.

172 N. W. (2d) 568.

November 28, 1969—No. 41754.

*Firestone, Fink, Krawetz, Miley, Maas & Noonan,* for appellant.
*Kempf & Ticen* and *Thomas E. Ticen,* for respondent.

Heard before Nelson, Murphy, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from the judgment of the Municipal Court of Hennepin County in a statutory action of forcible entry and unlawful detainer, Minn. St. c. 566, awarding restitution of premises occupied by defendant to plaintiff owner. We reverse the judgment because the court was without jurisdiction in the case in which the judgment was entered.

Plaintiff commenced an unlawful detainer action against defendant by service of summons on November 5, 1968, Hennepin County Municipal Court File No. U44708. The return date of the summons was November 8, 1968, less than the 3 days required by statute,[1] so that the

---

[1] Minn. St. 566.06 provides: "The summons shall be served at least three days before the return day thereof by delivering a copy to the person against whom it is issued * * *." November 5 cannot be counted as one of the days because § 645.15 provides: "Where the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, such time, except as otherwise provided in sections 645.13 and 645.14, shall be computed so as to exclude the first and include the last day of any such prescribed or fixed period or duration of time. When the last day of such period falls on Sunday or on any day made a legal holiday, by the laws of this state or of the United States, such day shall be omitted from the computa-

court was without jurisdiction to hear the matter. A second action was commenced on November 13, 1968, this time bearing a proper return date, Hennepin County Municipal Court File No. U44776, so that the court did have jurisdiction of the matter as of that time.

The proceedings that followed were nevertheless fatally defective. Defendant had duly entered a special appearance at the hearing in the first action on November 8, 1968, which, after continuance, was resumed on November 12, 1968. Without yielding their respective positions as to the validity of the first action, the parties agreed with the court that it would take evidence at that time, the record thereof to serve as the record in the second action, thereafter to be commenced by plaintiff if the court ruled that it did not have jurisdiction in the first action. The record was so made. The court, however, made its decision on November 14, 1968, prior to the return date of the second action, granting restitution of the premises to plaintiff as of November 22, 1968. The court filed its decision and order in the *first* action, File No. U44708, and not in the second action, File No. U44776.

The unusual posture in which this case reaches us regrettably precludes a determination of the appeal on the merits.[2] It is not at all clear that the trial court entered its order in the first case merely through inadvertence, although that may well have been the situation. Notwithstanding the procedural stipulation of the parties, the court at no time made a direct ruling on the jurisdictional question. Its order in the first case was filed prior to the return date in the second case, although the entry of judgment on November 25, 1968, was subsequent to the second return date. It is fundamental, of course, that the parties cannot by agreement confer jurisdiction upon the court. What is in effect simply

tion." It is well settled that the requirements of the statute governing service of summons must be strictly observed. See, Watier v. Buth, 87 Minn. 205, 91 N. W. 756, 92 N. W. 331; Kenny v. Seu Si Lun, 101 Minn. 253, 112 N. W. 220, 11 L. R. A. (N. S.) 831; Jasperson v. Jacobson, 224 Minn. 76, 27 N. W. (2d) 788. See, also, 35 Am. Jur. (2d) Forcible Entry and Detainer, §§ 5, 33.

[2] Defendant undertook to establish as a complete defense on the merits that the parties had entered into a new lease for a period of 5 years from and after the expiration date of the original lease. The evidence on this central issue of fact was contested, and the court implicitly found that no such agreement was made. We do not, by reversing the judgment and remanding the matter for further proceedings, intimate that such finding was without ample evidentiary support.

an advisory opinion is not reviewable. It follows that the judgment must be reversed and the cause remanded for further proceedings in the second action, which we deem still pending.

Reversed and remanded.