IN RE WELFARE OF A. L. J. v. STATE.
IN RE WELFARE OF R. D. B. v. STATE.

220 N. W. 2d 303.

July 5, 1974—Nos. 44887, 44931.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for appellant.

*Lindquist & Vennum, Daryle L. Uphoff,* and *Richard A. Primuth,* for respondent A. L. J.

*Bruce W. Christopherson,* for respondent R. D. B.

*Warren Spannaus,* Attorney General, *Peter Sipkins,* Solicitor General, *James N. Bradford,* Assistant Attorney General, *Gilbert S. Buffington,* Special Assistant Attorney General, for Kenneth F. Schoen, Commissioner of Corrections, amicus curiae.

Heard before Rogosheske, Peterson, Kelly, MacLaughlin, and Knutson, JJ., and considered and decided by the court.

PER CURIAM.

These two appeals, consolidated for hearing, arise out of delinquency proceedings pending before the Juvenile Division of the District Court of Hennepin County. In November and December 1973, petitions were filed charging respondents, A. L. J. and R. D. B., 17-year-old juveniles, with multiple counts of armed robbery and other crimes of violence against persons and property. Thereafter, petitioner-appellant filed mo-

tions pursuant to the Juvenile Court Rules and Minn. St. 260.125,[1] to refer respondents for prosecution as adults. The juvenile court, upon findings that respondents were amenable to rehabilitation treatment within the juvenile justice system if an "intensive accountability treatment" program were established by the Department of Corrections, denied the motions for referral. Contending that the court's orders frustrated the prosecution of respondents as adults, the state seeks to appeal pursuant to § 632.11, subd. 1(1). Apart from the question of the state's right to appeal a discretionary order denying a reference in a juvenile court proceeding, we must dismiss the appeal as premature.

As we read the record, the court's orders refusing to refer for adult prosecution in each case are not final orders. They are not final because, read in the context of the state's limited right to appeal,[2] they do not have the substantive effect of precluding proceedings which indeed are ordered to continue in juvenile court. Also, by clear implication, if not by express wording, the orders are not intended to be final because they do not unconditionally deny referral for adult prosecution. Thus, under any reading of the record, the appeals are premature. Village of Roseville v. Sunset Memorial Park Assn. 262 Minn. 108, 113 N. W. 2d 857 (1962).

That part of each order declaring the court's future intention to commit respondents to the Department of Corrections upon determinations

---

[1] Minn. St. 260.125, subd. 2, provides: "The juvenile court may order a reference only if

(a) A petition has been filed in accordance with the provisions of section 260.131

(b) Notice has been given in accordance with the provisions of sections 260.135 and 260.141

(c) A hearing has been held in accordance with the provisions of section 260.155, and

(d) The court finds that the child is not suitable to treatment or that the public safety is not served under the provisions of laws relating to juvenile courts."

[2] Section 632.11, subd. 1, provides in part: "In criminal cases the state may appeal in the following instances:

(1) From an order, the substantive effect of which is to dismiss an indictment, information or complaint." But see, §§ 260.215, subd. 1, and 260.291, subd. 1.

of delinquency, and which by implication asserts the court's power to order the establishment of a specific program by the Department of Corrections, is also not only presented prematurely but is based upon hypothetical assumption of delinquency. Furthermore, the record is totally inadequate to determine the feasibility of establishing the program, assuming arguendo the court's authority to order it. Any opinion we would express would be advisory only and is not authorized under any of our rules of appellate procedure. Color-Ad Packaging, Inc. v. Kapak Industries, Inc. 285 Minn. 525, 172 N. W. 2d 568 (1969).

Appeals dismissed.