**STATE of Minnesota, Respondent,**

v.

**David Paul HAGER, Appellant.**

No. 82–208.

Supreme Court of Minnesota.

Oct. 22, 1982.

Stein & Stein and Manuel H. Stein, Hibbing, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr. and Richard D. Hodsdon, Sp. Asst. Attys. Gen., St. Paul, John P. Dimich, County Atty., Grand Rapids, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of a charge of sale of a schedule I controlled substance, marijuana. The presumptive sentence for this offense (a severity level II offense) by a person with defendant's criminal history score at the time of sentencing (zero) is either a stay of imposition of sentence or imposition of a prison term of 1 year and 1 day with execution

stayed. The trial court stayed imposition of sentence and placed defendant on probation for three years, conditioned on his serving 90 days in jail and paying $500 in court costs. The trial court stayed the entire sentence pending this appeal. The sole issue raised on appeal by defendant is whether the trial court erred in determining that the prosecutor showed a sufficient chain of possession to justify admission of the marijuana at trial. Holding that the trial court did not err, we affirm.

In *State v. Johnson,* 307 Minn. 501, 504, 239 N.W.2d 239, 242 (1976), we discussed the "chain of custody" rule, stating that "[t]here can be no rigid formulation of what showing is necessary in order for a particular item of evidence to be admissible" and that admissibility generally "must be left to the sound discretion of the trial judge." We added that "[a]dmissibility should not depend on the prosecution negativing all possibility of tampering or substitution, but rather only that it is reasonably probable that tampering or substitution did not occur" and that "[c]ontrary speculation may well affect the weight of the evidence accorded it by the factfinder but does not affect its admissibility." 307 Minn. at 505, 239 N.W.2d at 242.

The issue is now covered by Minn.R.Evid. 901(a), which provides, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

An excellent discussion of the application of this rule in the context of authentication of so-called "real evidence" is contained in M. Graham, *Evidence and Trial Advocacy Workshop: Relevance and Exclusion of Relevant Evidence—Real Evidence,* 18 Crim.L. Bull. 241, 243–46, 247 (1982), where it is stated:

> When the object of real evidence is unique, and thus identifiable in court on the basis of its distinctive appearance, evidence that the object is the same object, and is in substantially the same condition, can usually be offered through the testimony of one or more witnesses who each possess personal knowledge. To assist identification in court of a particular object, persons, especially police officers, commonly place identifying marks or labels on the object. When the item is not unique and thus not readily identifiable, such as when narcotics are involved, the object must be authenticated by means of a chain of custody. Chain-of-custody authentication requires testimony of continuous possession by each individual having possession, together with testimony by each that the object remained in substantially the same condition during its presence in his possession.

> All possibility of alteration, substitution, or change of condition need not be eliminated in laying a chain-of-custody foundation. "In the absence of any indication of substitution, alteration, or other form of tampering, reasonable probative measures are sufficient." Thus, normally, an object may be placed in a safe to which more than one person had access, without each such person being produced. On the other hand, the more authentication is genuinely in issue, and the more susceptible the item is to alteration, substitution, or change of condition, the greater the need to negate such possibilities.

> \*    \*    \*    \*    \*    \*

> After a proponent lays a foundation for an item of real evidence, the court may permit opposing counsel to conduct a limited cross-examination, referred to as voir dire, on the foundation offered. In reaching its determination on admissibility, the court must view all the evidence introduced regarding authentication, including issues of credibility, most favorably to the proponent. If, upon consideration of the evidence as a whole, the court determines that the evidence is sufficient to support a finding by a reasonable juror that the matter in question is what its proponent claims, the evidence will be admitted. The party against whom the evidence has been received may, during the trial, offer contradictory

evidence before the trier of fact, or challenge the credibility of the supporting proof at the same time and in the same way that he can dispute any other testimony. The trier of fact renders the ultimate decision as to whether the item of real evidence admitted in evidence is as it is purported to be.

(Footnotes and citations omitted).

In this case the defendant contends only that the chain of possession was inadequate following the chemist's analysis of the substance bought from defendant. Thus, the issue is not whether it was error to admit the chemist's testimony identifying the substance sold as marijuana. Rather, the issue is whether the trial court erred in admitting the marijuana for the jury to see. No useful purpose would be served by detailing the evidence establishing the lack of tampering following the analysis. It is sufficient to say that our examination of the record on appeal satisfies us that the trial court properly concluded that the state adequately authenticated the evidence.

Affirmed.