**STATE of Minnesota, Respondent,**

v.

**Timothy J. SNEVA, Appellant.**

**No. Cx–83–215.**

Supreme Court of Minnesota.

Aug. 24, 1984.

Philip G. Villaume, Terry L. Hegna, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of criminal negligence resulting in death, Minn.Stat. § 609.-21 (1982).[1] The trial court sentenced defendant to an 18-month prison term but stayed execution of the sentence and placed defendant on probation for 5 years, subject to a number of conditions, including that defendant serve 6 months in the workhouse. The trial court stayed execution of the workhouse term pending this appeal. On appeal, defendant does not challenge the sufficiency of the evidence. Instead, he argues that he was denied a fair trial by the admission of testimony that he had a blood alcohol concentration of .14 and by the admission of expert testimony concerning the effects of alcohol on a driver. Specifically, defendant contends that the state did not establish that the blood tested was his, that the blood was properly drawn and preserved, or that the expert was qualified to testify concerning the effects of alcohol on a driver. Our examination of the record satisfies us that the trial court did not abuse its discretion in overruling the foundational objections to the admissibility of this evidence. Minn.R.Evid. 104, 702, and 901; *State v. Williams*, 337 N.W.2d 689 (Minn.1983); *State v. Hager*, 325 N.W.2d 43 (Minn.1982); *State v. Dille*, 258 N.W.2d 565 (Minn.1977); *State v. Anderson*, 302 Minn. 77, 223 N.W.2d 789 (1974).

Affirmed.

1. At the time that defendant violated the statute stated basically that anyone who operates a motor vehicle in a grossly negligent manner and thereby causes the death of a human being is guilty of criminal negligence resulting in death. The subsequently-amended statute now provides that anyone who operates a motor vehicle either in a grossly negligent manner "or in a negligent manner while under the influence of alcohol or a controlled substance" is guilty of criminal negligence resulting in death. Minn.Stat. § 609.21 (1983 Supp.)