**MINNEAPOLIS PUBLIC HOUSING AUTHORITY, Respondent,**

v.

**Joyce L. GREENE, Appellant.**

**No. C9–90–1021.**

Court of Appeals of Minnesota.

Dec. 4, 1990.

Michael J. Majeski, Minneapolis, for appellant.

Dylan J. McFarland, Fred Burstein & Assoc., P.A., Minneapolis, for respondent.

Considered and decided by FORSBERG, P.J., and NORTON and SHORT, JJ.

## OPINION

NORTON, Judge.

Respondent, landlord, brought a successful unlawful detainer action against appellant, tenant. The trial court found that landlord had good cause for termination under the parties' lease. Tenant appeals from the judgment of restitution. We affirm.

## FACTS

Appellant, Joyce Greene (tenant), has resided since July 1, 1969 in a single family

dwelling that is part of scattered site housing owned and administered by respondent, Minneapolis Public Housing Authority (landlord). Her current lease has been in effect since February 7, 1987. Her son and daughter are listed on the lease as family members who live with her.

Landlord sent a notice of termination of lease to tenant on April 5, 1990. The reasons given for termination were that police officers had seized approximately two grams of crack cocaine from her home, and that her son had been charged with possession of a controlled substance.

Paragraph 10 of the lease said:

This lease may be terminated by the Authority at any time by giving written notice as set forth in Section 9 of this lease, for good cause such as where a tenant creates or maintains a threat to the health or safety of other tenants * * *.

After giving the required notice, landlord brought an unlawful detainer action against tenant, and judgment for restitution was entered against her.

### ISSUES

1. Do the statutory provisions of section 609.5317 apply to this unlawful detainer proceeding?

2. Was the lease terminated without cause?

### ANALYSIS

■ The scope of review in an unlawful detainer action is from a judgment of restitution. *Makela v. Peters*, 425 N.W.2d 605, 606 (Minn.App.1988). In an unlawful detainer action, it is unnecessary to bring a motion for a new trial to preserve issues on appeal. *Matter of Jost*, 437 N.W.2d 89, 90 (Minn.App.1989), *rev. on other grounds*, 449 N.W.2d 719 (Minn.1990). The standard of review on appeal from a civil judgment is whether the evidence sustains the findings and whether the findings support the conclusions. *Minnesota Power & Light Co. v. Carlton County*, 275 Minn. 101, 102 n. 1, 145 N.W.2d 68, 70 n. 1 (1966).

1. Do the statutory provisions of section 609.5317 apply to this unlawful detainer proceeding?

■ Initially, the parties disagree on whether procedures outlined at Minn.Stat. § 609.5317 (Supp.1989) and §§ 566.02–.021 (Supp.1989) or the provisions of the parties' lease apply to this unlawful detainer action.

Section 609.5317, subd. 1 says:

(a) When contraband or a controlled substance * * * is seized on residential rental property incident to a lawful search or arrest, the county attorney shall give the notice required by this subdivision to (1) the landlord * * *.

(b) Within 15 days after notice of the first occurrence, the landlord shall bring, or assign to the county attorney * * * the right to bring an unlawful detainer action against the tenant.

Subdivision 3 provides:

It is a defense against a proceeding under subdivision 1, paragraph (b), that the tenant had no knowledge or reason to know of the presence of the contraband or controlled substance or could not prevent its being brought onto the property.

Section 566.02 says:

A seizure under section 609.5317, subdivision 1, for which there is not a defense under section 609.5317, subdivision 3, constitutes unlawful detention by the tenant.

Section 566.021 says:

Landlords shall give written notice to tenants of the provision relating to seizures in section 566.02. Failure to give such notice does not subject the landlord to criminal or civil liability and is not a defense under section 609.5317, subdivision 3.

Tenant argues that the defenses and notice requirements of the statutes should have been available to her in the unlawful detainer action.

However, subdivision 4 of section 609.5317 says:

This section shall not apply if the retail value of the contraband or controlled substance is less than [$1000].

The evidence at the hearing indicated the retail value of the seized crack cocaine was $200. Under the plain language of the statute, the statutory provisions of sections 609.5317 and 566.02–.021 do not apply to this unlawful detainer action because the value of the contraband was less than $1000.

2. Was the lease terminated without cause?

The parties' lease allowed landlord to terminate the lease at any time for good cause. Good cause included "where a tenant creates or maintains a threat to the health or safety of other tenants." Landlord says the threat in this case was the presence of cocaine on the rental property. Tenant raises two challenges to the court's conclusion that landlord had good cause for termination.

■ First, tenant says that the trial court erred by receiving into evidence a chemist's report that identified the seized substance as cocaine. Tenant argues that the report was not supported by adequate foundation because the chemist did not testify to its authenticity. Further, tenant argues that receiving the report was prejudicial and requires reversal of the judgment for restitution.

The trial court received the report as evidence "subject to the limitations and concerns the Defendant has on this matter." Minnesota Rule of Evidence 901(a) addresses authentication and says:

> The requirement of authentication * * * is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

In *State v. Hagar*, 325 N.W.2d 43 (Minn. 1982), the court said:

> "[t]here can be no rigid formulation of what showing is necessary in order for a particular item of evidence to be admissible" and that admissibility generally "must be left to the sound discretion of the trial judge."

*Id.* at 44 (quoting *State v. Johnson*, 307 Minn. 501, 504, 239 N.W.2d 239, 242 (1976)). Further:

> If, upon consideration of the evidence as a whole, the court determines that the evidence is sufficient to support a finding by a reasonable juror that the matter in question is what its proponent claims, the evidence will be admitted. The party against whom the evidence has been received may * * * offer contradictory evidence * * * or challenge the credibility of the supporting proof * * *. The trier of fact renders the ultimate decision as to whether the item of real evidence * * * is as it is purported to be.

*Id.* at 44–45 (citation omitted).

The court, as the trier of fact, had the following evidence to consider when deciding if the report was authentic: 1) At the bottom of the report was this language, "I HEREBY CERTIFY THAT THE FOREGOING REPORT IS TRUE AND CORRECT," followed by the signature of M. Dawn Speier and the date. 2) The police officer testified that he delivered the substance to the city chemist, Donna Speier. 3) The police officer's name and date of delivery appear on the report. Based on this evidence, the court could have concluded that the report was what it was purported to be and received it subject to the limitations expressed. Further, tenant had the opportunity to present evidence that the substance was not cocaine, although she did not. The court did not abuse its discretion by receiving the report.

■ However, even if the court erred in admitting the chemist's report, it would have been harmless error because there was sufficient additional evidence to conclude the substance was cocaine. *See* Minn.R.Civ.P. 61. In addition to the chemist's report, the court heard 1) testimony from the officer that a preliminary chemical test done in his presence indicated the substance was cocaine, 2) his testimony that he recognized the substance as cocaine and 3) testimony that tenant reported that cocaine had been seized from her apartment. Tenant produced no evidence that the substance was anything other than cocaine.

■ Second, tenant argues that when lease termination proceedings were started,

the landlord did not have proof that the substance seized was cocaine, and therefore, lacked good cause for termination. At the time notice of termination was sent, landlord had 1) a copy of a search warrant and police report indicating the substance seized was crack cocaine and 2) tenant's own statement made to the landlord that the police had found cocaine.

Tenant argues that although the later chemical tests showed the substance was cocaine, these tests were not available until after termination proceedings were begun. Tenant argues that these later acquired test results cannot be used ex post facto to create good cause when lease termination proceedings were initiated. Appellant cites no support for her argument.

The language of the lease allows termination for good cause and has no requirement for a quantum of proof before initiating proceedings. Good cause is defined as a threat to the safety of other tenants. Appellant's argument fails because the trial court found that the substance was cocaine, and this finding supported the conclusion that the lease was terminated for good cause.

### DECISION

The terms of the parties' lease apply to this unlawful detainer action. The trial court did not err in concluding that landlord had good cause to terminate the lease.

Affirmed.