PHILLIPS NEIGHBORHOOD HOUSING TRUST, c/o Perennial Properties, Inc., Respondent,

v.

Mary BROWN, Appellant,

Anthony Brown, Defendant.

No. C3–96–2176.

Court of Appeals of Minnesota.

June 10, 1997.

making process. If a different result is preferred by our legislators, it is for them to examine the issue and make their intent clear.

Angela E. Teegarden, Phillips Neighborhood Housing Trust, St. Paul, for Respondent.

Lawrence R. McDonough, University of Minnesota Law Clinics, Minneapolis, for Appellant.

Considered and decided by CRIPPEN, P.J., and WILLIS and SCHULTZ*, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

After appellant's 20–year–old son, a co-tenant of her apartment, was found to have illegal drugs on the premises in violation of the lease, respondent landlord brought this unlawful detainer action to recover possession of the apartment. The housing referee found for the landlord. Appellant sought judicial review of the referee's decision, and the district court affirmed. Because the lease clearly gives respondent the right to cancel the lease and bring an unlawful detainer action against a tenant who engages in illegal activity on the premises, we affirm.

## FACTS

Respondent Phillips Neighborhood Housing Trust, c/o Perennial Properties, Inc. (PNHT), owns and operates rental property in Minneapolis. PNHT residents receive federal assistance with their rent payments. Appellant Mary Brown and her son, Anthony

Brown, 20, applied for and received PNHT occupancy.

PNHT management went over the lease regulations with Mary and Anthony Brown, who indicated that they understood the lease. Anthony Brown was required to sign the lease because he was an adult. He, Mary Brown, and her two minor daughters were listed as persons who live in the apartment. Mary Brown testified that she intended to have Anthony Brown live with her in the apartment so she could maintain more control over him.

Less than a week after the Browns moved in, police were called to the apartment because Anthony Brown was threatening violence. The police found crack cocaine in the apartment. It is undisputed that the cocaine was the property of Anthony Brown and that neither Mary Brown nor her daughters knew of its presence. Pursuant to PNHT's policy of terminating leases when illegal drugs are found in an apartment and to its lease providing for cancellation in case of illegal activity, it terminated the Browns' lease as of June 30, 1996, and brought an unlawful detainer action.

## ISSUE

When a lease provides that a landlord may cancel the lease and bring an unlawful detainer action against a tenant who engages in illegal activity, and one of two cotenants engages in illegal activity, may the landlord bring an unlawful detainer action to recover possession of the premises?

## ANALYSIS

### Standard of Review

Unlawful detainer is a civil proceeding, and the only issue for determination is whether the facts alleged in the complaint are true. Our standard of review is whether the trial court's findings of fact are clearly erroneous.

*Minneapolis Community Dev. Agency v. Smallwood,* 379 N.W.2d 554, 555 (Minn.App. 1985) (citations omitted).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

The lease agreement signed by Mary and Anthony Brown provided that:

RESIDENT Promises * * * not to act in a loud, * * * unlawful or dangerous manner * * * or to allow his/her family or guests to do so * * * [and] to refrain from such illegal activity or other activities on or away from the premises which impairs or down grades the physical or social environment * * * [and that v]iolation of any of the provisions of this section * * * is a material violation of this lease and at its option MANAGEMENT may cancel this lease and bring unlawful detainer proceedings to evict RESIDENT.

It is undisputed that Anthony Brown, a resident in terms of the lease, had illegal drugs on the premises. Pursuant to the lease, PNHT then had the option to cancel the lease and bring unlawful detainer proceedings. It exercised that option.

Appellant argues first that the lease should not have been cancelled, but rewritten, eliminating Anthony Brown as a lessee and resident. However, PNHT was entitled to have its lease enforced, not rewritten. *See id.* at 556 ("[A] landlord's right of action for unlawful detainer is complete upon a tenant's violation of a lease condition."); *Minneapolis Pub. Hous. Auth. v. Greene*, 463 N.W.2d 558 (Minn.App.1990) (upholding eviction upon lease termination of all tenants where a controlled substance was found on the premises and the son of one tenant was arrested for possession).

Appellant also argues that she did not violate the lease and that she had no control over Anthony, who did violate it. However, the lease provides that if the prohibition against drugs is violated, PNHT has the option of voiding the lease. Appellant's right to the apartment derives only from the lease. "It is well established that a tenant under various public housing programs possesses no absolute right to public housing and may be evicted for lease violations or other good cause." *Smallwood*, 379 N.W.2d at 556. Under the terms of the lease appellant signed and said she understood, PNHT is entitled to cancel the lease and pursue an unlawful detainer against appellant.

We are aware that eviction is a harsh remedy that will not be enforced when the party seeking eviction has another adequate remedy. *See 1985 Robert St. Assoc. v. Menard, Inc.*, 403 N.W.2d 900, 902 (Minn.App. 1987). However, PNHT has an obligation to provide a safe environment for its tenants, and there is a strong public policy interest in eliminating drugs from subsidized housing. Evicting those who violate the lease by having controlled substances in their apartments is PNHT's most effective, if not its only effective, means of eliminating drugs and providing a safe environment. "[T]he Housing Authority is not required to permit lessees to remain in its project if they are dangerous, destructive, or harmful to others." *Smallwood*, 379 N.W.2d at 557.

Because the lease so clearly provides that PNHT may cancel the lease and recover possession of the premises when a resident engages in illegal activity, we need not address whether Minn.Stat. § 504.181 (1996) also provides that right.

### DECISION

Pursuant to the terms of their lease agreement, PNHT had the right to bring an unlawful detainer action to recover an apartment when a resident of that apartment violated the lease prohibition of illegal activity.

**Affirmed.**