**TIMES SQUARE SHOPPING CENTER, LLP, Respondent,**

v.

**TOBACCO CITY, INC., Appellant.**

**No. CX–98–963.**

Court of Appeals of Minnesota.

Nov. 10, 1998.

Michael L. Perlman, Perlman Law Office, St. Louis Park, (for respondent).

Douglas W. Thomson, Douglas W. Thomson, Ltd., St. Paul, (for appellant).

Considered and decided by KLAPHAKE, P.J., and DAVIES and AMUNDSON, JJ.

### OPINION

DAVIES, Judge.

Appellant contests the district court's refusal to dismiss the unlawful detainer complaint against it, arguing that the eviction summons with which it was served did not recite that the original complaint had been filed with the court. We affirm.

### FACTS

On May 7, 1998, respondent Times Square Shopping Center, LLP, filed an unlawful detainer complaint against its tenant, appellant

Tobacco City, Inc. The district court administrator issued an eviction summons, and later that day appellant was personally served with a copy of the summons and complaint. Appellant moved to dismiss the complaint, arguing that the summons was defective because it failed to recite that the original complaint had been filed. The district court denied appellant's motion. This appeal followed.

## ISSUE

Did the district court err by refusing to dismiss the unlawful detainer complaint?

## ANALYSIS

■ There is no factual dispute; therefore, the determination of whether service of process was proper is a question of law. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). A reviewing court is not bound by, and need not give deference to, a district court's decision on a purely legal issue. *Frost–Benco Elec. Assn. v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ A summons is "a mere notice" that "must substantially comply with the requirements of the rules" governing the service and form of process. *Tharp v. Tharp*, 228 Minn. 23, 24, 36 N.W.2d 1, 2 (1949); *Haas v. Brandvold*, 418 N.W.2d 511, 513 (Minn.App. 1988). It is fundamental that

> cases should be decided on the merits rather than on technicalities, and where the intended recipient receives actual notice of the action, the rules governing such service should be liberally construed * * *.

*Pederson v. Clarkson Lindley Trust*, 519 N.W.2d 234, 235 (Minn.App.1994).

■ Minn.Stat. § 566.05(a) (Supp.1997) states that a copy of an unlawful detainer complaint must be attached to an eviction summons, which in turn "shall state that the copy is attached *and that the original has been filed*" with the district court. (Emphasis added.) Here, the eviction summons (a standard form) did not state that the original complaint had been filed, but it did state: "YOU ARE SUMMONED to appear before this Court on the date, time and place indicated below for a hearing on the attached Complaint."

Because a court date could not have been scheduled unless the complaint had been filed and because appellant was personally served with a copy of the summons and complaint, which contained an initialed date stamp and handwritten case number showing that it had been filed, the eviction summons form substantially complied with the requirements of Minn.Stat. § 566.05(a). Appellant received actual notice that the original complaint had been filed and the failure of the summons to state explicitly that the original complaint had been filed is a technical defect, but inconsequential. *See* Minn. R. Civ. P. 61 (harmless error to be ignored). The function of the eviction summons was not negated by the minor technical error in this standard form.

## DECISION

That this eviction summons failed to recite that the attached unlawful detainer complaint had been filed did not make the summons facially defective. The district court properly refused to dismiss the complaint against appellant.

**Affirmed.**