Paul J. KOSKI, Respondent,

v.

Sharon A. JOHNSON, Appellant.

No. A12–2274.

Court of Appeals of Minnesota.

Sept. 23, 2013.

David H. Schultz, David Henry Schultz, P.A., Carver, MN, for respondent.

Sharon A. Johnson, Lakeville, MN, pro se appellant.

Considered and decided by HALBROOKS, Presiding Judge; SCHELLHAS, Judge; and HOOTEN, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant-tenant challenges the district court's order granting respondent-landlord a writ of recovery of the premises. Appellant-tenant argues that (1) service of the summons was inadequate under Minn.Stat. § 504B.331; (2) respondent-landlord waived his termination notice by accepting rent payments from appellant-tenant; and (3) respondent-landlord's termination of the tenancy was retaliatory under Minn. Stat. § 504B.285, subd. 2(1) (2012). We reverse because service of the summons was inadequate due to respondent-landlord's failure to strictly comply with Minn. Stat. § 504B.331. We therefore do not reach appellant-tenant's other arguments.

## FACTS

In January 1996, respondent-landlord Paul Koski began leasing property at 16400 Valley Road, Eden Prairie (the premises), to appellant-tenant Sharon Johnson. As to the eviction proceedings in this case, Koski and Johnson had an oral month-to-month lease agreement.

On June 8, 2012, Koski left copies of a "NOTICE TO TERMINATE TENANCY" on the premises on Johnson's bed, computer monitor, and chair, stating:

Notice is hereby given that you are required to move from and deliver up possession of the ... premises no later than August 1, 2012.

This notice is intended for the purpose of terminating the Lease/Rental Agreement by which you now hold possession of the ... premises, and should you fail to comply, legal proceedings will be instituted against you to recover possession, to declare said Rental Agreement forfeited, and to recover rents and damages for the period of unlawful detention.

On June 8, Johnson found all three copies of the termination notice.

On September 28, Koski filed an eviction-action complaint against Johnson in Hennepin County Housing Court based on Johnson's failure to vacate the premises. Koski failed to attach to the complaint a copy of the termination notice. An "AFFIDAVIT OF NOT FOUND UNLAWFUL DETAINER" states that a Hennepin County deputy sheriff unsuccessfully attempted to serve process on Johnson twice—October 2, 2012, at 10:25 a.m., and October 3, 2012, at 6:15 p.m.—despite a "due and diligent search and careful inquiry." The affidavit also states that, on October 3, a deputy sheriff posted a copy of the summons and complaint "in a conspicuous place upon [Johnson]'s residence, namely sliding door entrance." The summons states: "This is an EVICTION SUMMONS"; it includes the hearing date of October 15, 2012, and the hearing location; and it states that "the judicial officer will decide whether you will have to move or whether you can continue to stay in your home."

On October 15, Johnson filed an answer and moved for dismissal or summary judgment, alleging, among other things, that Koski "improperly used service by mail and posting." Also on that day, the housing court filed its findings of fact, conclusions of law, order, and judgment, stating that a hearing occurred on that day. The record on appeal includes no transcript of that hearing but indicates that Johnson attended the hearing and received a copy

of the termination notice at the hearing. The housing court scheduled a trial.

The district court conducted a pretrial hearing on October 25 and asked Johnson whether she "recognize[d] that the sheriff did attach a notice of the eviction to [her] door." She replied, "Yes, it was placed on my window." The court denied Johnson's dismissal motion on the basis that Koski substantially complied with Minn.Stat. § 504B.331.

At trial, the district court received exhibits and heard testimony from Koski, Johnson, and two of Johnson's neighbors. On December 14, the court issued findings of fact, conclusions of law, an order, and a judgment, concluding that Koski properly served Johnson with the termination notice and complaint and that Koski's termination notice was not retaliatory. The court granted Koski a writ of recovery of the premises.

This appeal follows.

### ISSUE

Did Koski properly serve Johnson with the eviction summons under Minn.Stat. § 504B.331 and, if not, is Johnson entitled to a reversal of the district court's writ of recovery granted to Koski?

### ANALYSIS

In her motion for dismissal or summary judgment, Johnson alleged that Koski "improperly used service by mail and posting" under Minn.Stat. § 504B.331. The district court denied her motion. An appellate court "review[s] de novo a district court's denial of a motion to dismiss for lack of personal jurisdiction due to improper service, but ... appl[ies] the underlying factual determinations unless they are clearly erroneous." *In re Disciplinary Action Against Coleman,* 793 N.W.2d 296, 302 (Minn.2011) (citing *Shamrock Dev., Inc. v. Smith,* 754 N.W.2d 377, 382 (Minn.2008)

("Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo.")).

█ "'Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process must be satisfied.'" *Uthe v. Baker,* 629 N.W.2d 121, 123 (Minn.App.2001) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987)). "Absent proper service of process or a waiver thereof, the district court must dismiss the action." *Shamrock Dev., Inc. v. Smith,* 737 N.W.2d 372, 377 (Minn.App.2007), *rev'd on other grounds,* 754 N.W.2d 377 (Minn.2008); *see also Coleman,* 793 N.W.2d at 302 (indicating that "improper service" causes a "lack of personal jurisdiction").

Minnesota Rule of General Practice 604(c) provides that, generally, when—as here—"the complaint contains allegations of holding over after termination of the lease, a copy of the termination notice, if any, must be attached to the complaint or provided to defendant or defendant's counsel at the initial appearance." Koski does not dispute that he failed to attach a copy of the termination notice to the complaint, but he remedied that deficiency by providing Johnson with a copy of the termination notice on October 15 at the initial appearance. The district court correctly concluded that Koski properly served Johnson with a copy of the complaint under Minn. Gen. R. Prac. 604(c), and Johnson does not challenge the propriety of service of the complaint. Instead, Johnson argues that Koski failed to properly serve her with the eviction summons under Minn.Stat. § 504B.331.

█ Section 504B.331(d) provides that, when an eviction-action defendant cannot be found in the county,

service of the summons may be made upon the defendant by posting the summons in a conspicuous place on the property for not less than one week if: (1) the property described in the complaint is: ... (ii) residential and service has been attempted at least twice on different days, with at least one of the attempts having been made between the hours of 6:00 p.m. and 10:00 p.m.; *and* (2) the plaintiff or the plaintiff's attorney *has signed and filed with the court an affidavit* stating that: (i) the defendant cannot be found, or that the plaintiff or the plaintiff's attorney believes that the defendant is not in the state; and (ii) *a copy of the summons has been mailed to the defendant* at the defendant's last known address if any is known to the plaintiff.

(Emphasis added.) Here, a deputy sheriff stated in an affidavit that he attempted service twice on different days—once between the hours of 6:00 p.m. and 10:00 p.m.—and, when he could not find Johnson, he posted the summons "in a conspicuous place upon [Johnson]'s residence." But, as Johnson alleged in her dismissal motion, neither Koski nor his attorney "signed and filed with the court an affidavit" that complied with Minn.Stat. § 504B.331(d)(2). And neither Koski nor his attorney filed any affidavit or mailed a copy of the eviction summons to Johnson at any address.

■ In denying Johnson's pretrial motion to dismiss for lack of service, the district court applied the substantial-compliance exception to section 504B.331. We conclude that the court erred by denying Johnson's dismissal motion based on the substantial-compliance exception. *See Nieszner v. St. Paul Sch. Dist. No. 625*, 643 N.W.2d 645, 649–50 (Minn.App.2002) (noting that "the substantial-compliance exception has *only* been applied when a party

has attempted substitute service in accordance with *the rules of civil procedure*" (emphasis added) (citing *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988))). When a party substantially complies with Minn. R. Civ. P. 4, "actual notice of the summons will subject a defendant to the jurisdiction of the court." *Coleman*, 793 N.W.2d at 302 (citing *Thiele*, 425 N.W.2d at 584 (noting that "[t]his 'actual notice' exception, however, has been recognized only in cases involving substitute service at defendant's residence")). "In cases involving substitute service at a defendant's residence, the rules governing service are 'liberally construed when the intended recipient had actual notice of the lawsuit.'" *Id.* (analyzing rule 4.03(a), quoting *Thiele*, 425 N.W.2d at 584 (analyzing rule 4.03(a))).

We acknowledge that, contrary to *Nieszner*, in *Times Square Shopping Ctr., LLP v. Tobacco City, Inc.*, 585 N.W.2d 791, 792 (Minn.App.1998), *review denied* (Minn. Jan. 21, 1999), we applied the substantial-compliance exception to section 504B.331's predecessor statute—Minn. Stat. § 566.05(a) (Supp.1997). *Cf.* Minn.Stat. § 566.05(a) (providing requirements for forcible-entry-and-unlawful-detainer summons and complaint); *Fraser v. Fraser*, 642 N.W.2d 34, 40 (Minn.App.2002) (noting that legislature "repeal[ed] the unlawful detainer provisions of chapter 566 and enact[ed] new provisions to be codified at chapter 504A" and later "repeal[ed] chapter 504A and replac[ed] it with what is now codified at chapter 504B regarding 'evictions'"). In *Times Square*, we concluded that "[t]he function of the eviction summons was not negated by the minor technical error in [a] standard form" when "the eviction summons form substantially complied with the requirements of Minn.Stat. § 566.05(a)." 585 N.W.2d at 792. We reasoned that "[a] summons is 'a mere notice' that 'must substantially comply with the requirements of the rules' governing the

service and form of process." *Id.* (quoting *Haas v. Brandvold,* 418 N.W.2d 511, 513 (Minn.App.1988) (quoting *Tharp v. Tharp,* 228 Minn. 23, 24, 36 N.W.2d 1, 2 (1949))). And we stated that "cases should be decided on the merits rather than on technicalities, and where the intended recipient receives actual notice of the action, the rules governing such service should be liberally construed." *Id.* (quoting *Pederson v. Clarkson Lindley Trust,* 519 N.W.2d 234, 235 (Minn.App.1994)).

We hold that section 504B.331 requires strict compliance, not merely substantial compliance.[2] To the extent that *Times Square* is contrary to that holding, we overrule it because it is unsupported by the cases on which we relied in *Times Square* and is contrary to *Color–Ad Packaging, Inc. v. Kapak Indus., Inc.,* 285 Minn. 525, 526–27 & n. 1, 172 N.W.2d 568, 569 & n. 1 (1969), *overruled on other grounds by Lake Valley Twp. Bd., Traverse Cnty. v. Lewis,* 305 Minn. 488, 234 N.W.2d 815 (1975). In the cases on which we relied in *Times Square,* the summonses were governed by Minn. R. Civ. P. 4.01 and a district court rule, *Haas,* 418 N.W.2d at 513; Minn. R. Civ. P. 4.03, *Pederson,* 519 N.W.2d at 235; and Minn.Stat. § 543.02 (1948), *Tharp,* 228 Minn. at 24, 36 N.W.2d at 2, which "was superseded by [Minn. R. Civ. P.] 4.01," *Shamrock Dev.,* 737 N.W.2d at 379 n. 3. Notably, in *Times Square,* the partial quote from *Pederson* pertained to "a fundamental principle *of the rules of civil procedure."* 519 N.W.2d at 235 (emphasis added).

Moreover, in *Color–Ad Packaging,* on appeal from a judgment "in a statutory

action of forcible entry and unlawful detainer awarding restitution of premises occupied by defendant to plaintiff owner," the supreme court observed that "[i]t is well settled that the requirements of the statute governing service of summons *must be strictly observed."* 285 Minn. at 525–26 & n. 1, 172 N.W.2d at 569 & n. 1 (emphasis added) (citation omitted) (stating that municipal court in the first of two actions "was without jurisdiction to hear the matter" because "[t]he return date of the summons was ... less than the 3 days required by statute").

The supreme court's strict-compliance language in *Color–Ad Packaging* is consistent with the supreme court's approach to a notice requirement in a landlord-tenant statute pertaining to the termination of at-will tenancies—Minn. Stat. § 504B.135(a) (2012). *See Markoe v. Naiditch & Sons,* 303 Minn. 6, 7, 226 N.W.2d 289, 290 (1975) (discussing Minn.Stat. § 504.06 (1974), stating that "[o]ur decisions have consistently required strict statutory compliance"), *cited in Annex Props., LLC v. TNS Research Int'l,* 712 F.3d 381, 383–84 (8th Cir.2013) (noting that section 504.06 was the predecessor statute to section 504B.135(a) and disagreeing with district court that Minnesota Supreme Court would "require 'substantial' rather than 'strict' compliance with the notice requirement of § 504B.135(a)").

Koski urges that *Larson v. Hendrickson,* 394 N.W.2d 524 (Minn.App.1986), supports the application of the substantial-compliance exception to section 504B.331. We disagree. *Larson* involved a tort action governed by Minn. R. Civ. P. 4.03, not

---

2. We note that our unpublished opinion in *Cent. Internal Med. Assoc., P.A. v. Chilgren,* No. C2-00-36, 2000 WL 987858, at *2–3 (Minn.App. July 18, 2000) (applying the substantial-compliance doctrine to section 504B.331(d)), is not precedential. Minn.Stat.

§ 480A.08, subd. 3 (2012); *see Vlahos v. R & I Constr. of Bloomington, Inc.,* 676 N.W.2d 672, 676 n. 3 (Minn.2004) (stating that "[u]npublished opinions of the court of appeals are not precedential" and "should not be cited by the district courts as binding precedent").

an eviction action governed by statute. 394 N.W.2d at 525.

 "A party may waive a jurisdictional defense, including insufficient service of process, by submitting itself to the court's jurisdiction and affirmatively invoking the court's power." *Shamrock Dev.,* 754 N.W.2d at 381. But Johnson did not do so here. Along with her answer, Johnson moved for dismissal or summary judgment, raising the issues of inadequate service and defenses on the merits. "Where a party simultaneously invokes the court's jurisdiction on the merits and asks the court to rule on a jurisdictional defense, waiver will not result unless other circumstances clearly demonstrate the party's acquiescence to the court's jurisdiction." *Id.* (quotation omitted). "[S]imple participation in the litigation does not, standing alone, amount to waiver of a jurisdictional defense. Rather, it is the failure to provide the court an opportunity to rule on the defense before affirmatively invoking the court's jurisdiction on the merits of the claim that is determinative." *Id.* (quotation omitted). Although Johnson participated in the litigation, nothing in the record demonstrates her acquiescence to the court's jurisdiction.

Johnson admitted that she had actual knowledge of the summons, and the district court applied the substantial-compliance exception to Minn.Stat. § 504B.331 consistent with *Times Square.* But the absence of strict compliance with the affidavit requirement in Minn.Stat. § 504B.331(d)(2) rendered service of the summons on Johnson inadequate. We conclude that the district court lacked personal jurisdiction over Johnson, and we therefore reverse the district court's grant of a writ of recovery of the premises to Koski.

### DECISION

The district court lacked personal jurisdiction over Johnson because of Koski's failure to serve Johnson with the eviction summons in strict compliance with Minn. Stat. § 504B.331(d)(2). The district court therefore erred by granting a writ of recovery of the premises to Koski.

**Reversed.**