*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1836**

Paul Koski,
Respondent,

vs.

Sharon Johnson,
Appellant.

**Filed July 20, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-5446

Christine Cahill Lake, Prior Lake, Minnesota (for respondent)

Sharon Johnson, Eden Prairie, Minnesota (pro se appellant)

Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges an eviction judgment, arguing that respondent-landlord terminated her lease in retaliation for requesting repairs and obtaining an ex-parte harassment restraining order against respondent. Because the district court's findings of fact are not clearly erroneous and its legal conclusions are sound, we affirm.

## FACTS

In January 1996, appellant Sharon Johnson began leasing an Eden Prairie home from respondent Paul Koski. For the majority of the tenancy, Johnson has had an oral month-to-month lease, the only exception being when she signed a written one-year lease in 2001. On June 8, 2012, Koski attempted to terminate the lease by posting three notices to vacate at the house. The notices directed Johnson to move out by August 1. Koski commenced eviction proceedings when Johnson failed to vacate and the district court granted a writ of recovery. Johnson appealed, and this court reversed on the ground that service of the eviction notice was improper. *Koski v. Johnson*, 837 N.W.2d 739, 741 (Minn. App. 2013), *review denied* (Minn. Dec. 17, 2013).

In January 2014, Koski informed Johnson by e-mail that he had retained Renter's Warehouse to manage the property and collect rent, stating that "[t]he terms of our original lease agreement are now in effect." The listed terms include the fact that the parties have an oral agreement for a month-to-month lease with monthly rent of $900. Renter's Warehouse contacted Johnson a few months later, asking her to sign a written lease for a definite term, consistent with the company's standard practice. Johnson refused to sign a lease.

In mid-April 2014, Renter's Warehouse provided Johnson with a second notice to vacate. This notice directed Johnson to move out within 30 days in accordance with Renter's Warehouse's understanding that the lease was month-to-month. When Johnson failed to leave, Renter's Warehouse initiated eviction proceedings. In late June, the district court dismissed this second eviction action, concluding that the 60-day notice

requirement in the 2001 written lease controlled. A month later, Johnson obtained an ex parte harassment restraining order against Koski based on her allegations that he was bombarding her with threatening e-mails, phone calls, and text messages.

In late July, Koski attempted to terminate Johnson's lease for a third time. On July 31, Jarett Harmon, a Renter's Warehouse employee, posted the 60-day notice to vacate on the front door of the residence. Johnson was present and called the police to report Harmon's presence. Harmon also testified that he mailed a copy of the notice to Johnson prior to posting the notice at the house.

Johnson once again refused to vacate, so Koski brought this third eviction action. At the evidentiary hearing, Johnson stated that she did not receive the notice to vacate until late August and that Koski was terminating the lease because she obtained the restraining order and had asked him to make repairs. Johnson testified that throughout the late spring and summer of 2014 she had asked Koski to fix leaks in the windows and ceiling, replace a broken toilet, and finish a driveway repair project. She also testified that she had discussed these conditions with city employees who suggested they might violate the housing code, but she did not file a complaint.

After receiving exhibits and hearing testimony from Johnson and Harmon, the district court found that Johnson received timely notice to vacate the premises. With respect to Johnson's retaliation defense, the district court found that Johnson had asked Koski to fix the property within 90 days of the notice to vacate, which required Koski to establish a non-retaliatory basis for terminating the lease pursuant to Minn. Stat. § 504B.285, subd. 2 (2014). The district court determined that Koski satisfied this

burden because the evidence showed that he had been trying to regain possession of the property since 2012, well before Johnson requested repairs or obtained the restraining order. Johnson appeals.

**D E C I S I O N**

On appeal from an eviction judgment, we determine whether the evidence sustains the findings of fact and whether the findings support the legal conclusions. *Minneapolis Pub. Hous. Auth. v. Greene*, 463 N.W.2d 558, 560 (Minn. App. 1990). We will not set aside findings of fact unless they are clearly erroneous. Minn. R. Civ. P. 52.01. When reviewing rulings under the retaliatory-eviction statute, we view the evidence in the light most favorable to the party that prevailed in the district court. *See Parkin v. Fitzgerald*, 307 Minn. 423, 425, 240 N.W.2d 828, 830 (1976).

A landlord may not terminate a lease in retaliation for a tenant's good-faith attempts to enforce his or her rights. Minn. Stat. § 504B.285, subd. 2(1) (2014). If a notice to vacate is served within 90 days after a tenant's attempt to secure or enforce lease rights, the landlord must show by a fair preponderance of the evidence that the termination was not retaliatory. *Id.*, subd. 2. A non-retaliatory reason for termination is "a reason wholly unrelated to and unmotivated by any good-faith activity on the part of the tenant protected by the statute (*e.g.,* nonpayment of rent, other material breach of covenant, continuing damage to premises by tenants, or removal of housing unit from market for a sound business reason)." *Parkin*, 307 Minn. at 430, 240 N.W.2d at 832-33.

4

Johnson argues that Koski did not meet his burden of establishing a non-retaliatory reason for terminating her lease.[1] We are not persuaded. The undisputed evidence shows that Koski has been trying to repossess the property since 2012. *See Koski*, 837 N.W.2d at 741-42. The first eviction action was dismissed on procedural grounds; the dismissal became final when the supreme court denied review of the decision in December 2013. *Id.* at 745. Koski next attempted to terminate the lease in April 2014. Johnson first asked Koski to repair the property in a letter dated May 15.[2] Johnson did not seek a restraining order until late July, over three months after Koski served her with the second notice to vacate. And Harmon promptly responded to the district court's dismissal of the second eviction action by serving a 60-day notice to vacate in compliance with the district court's order.

Not only does this evidence support the district court's determination that this action flows directly from Koski's prior attempts to terminate the lease, which preceded any of Johnson's claimed protected conduct, but other evidence also supports the legal conclusion that this action is not retaliatory. Harmon testified that the $900 per month Johnson was paying for rent is well below the $1,300 market rate he could otherwise get for the home. And Koski's attorney indicated that Koski wanted to move back into the home. Considering that Koski was already receiving below market value for the home, it

---

[1] Johnson also asserts Koski violated Minn. Stat. § 504B.441 (2014) by withholding repairs as a penalty for her complaints. Because Johnson did not raise this argument in the district court, it is not properly before this court, and we decline to address it on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

[2] Prior to this request, it appears Johnson may have engaged a handyman to make certain repairs.

would be a reasonable business decision for him to conclude he would simply rather move into the home himself and avoid the added responsibility of being a landlord. *See Parkin*, 307 Minn. at 430, 240 N.W.2d at 833 (identifying "removal of housing unit from market for a sound business reason" as an acceptable non-retaliatory reason for eviction). Indeed, the fact that Koski retained Renter's Warehouse is consistent with a desire to get out of the business of being a landlord.

In sum, ample evidence supports the district court's factual determinations. And the alternative non-retaliatory bases for terminating the lease, combined with Koski's consistent attempts to regain possession of the property, demonstrate that Koski had a reasonable motive to terminate the lease that did not involve retaliation. On this record, we conclude that Koski satisfied his burden to show the termination of Johnson's lease was non-retaliatory.

**Affirmed.**