# KENNETH J. BRYNE v. INDEPENDENT SCHOOL DISTRICT NO. 237.

232 N. W. 2d 432.

August 1, 1975—No. 45181.

*Dunlap, Keith, Collins, Towey & Finseth, Robert R. Dunlap,* and *Daniel E. Berndt,* for appellant.

*Oppenheimer, Wolff, Foster, Shepard & Donnelly, Craig W. Gagnon,* and *Paul R. Hannah,* for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Kenneth J. Byrne, petitioner, was employed by Independent School District No. 237 of Spring Valley, Minnesota, as an agriculture teacher. He had performed his duties to the satisfaction of the school board during the 1970-71 and 1971-72 school years.

Petitioner has been a member of the United States Army Reserves since 1946, following active duty in the army. At the time of the hearing on this matter, he held the rank of major and was in charge of the Winona, Minnesota Reserve Unit. He was required to satisfy certain educational requirements before becoming eligible for promotion to the rank of lieutenant colonel. This promotion would provide increased economic benefits and

allow petitioner to remain in the reserves for a longer period of time.

Petitioner applied for admission to the Command and General Staff College at Fort Leavenworth, Kansas, in 1972. On July 7, 1972, he received his order to report. The order was for a period of 131 days, commencing August 7 and continuing until December 15. Having signed a teaching contract for the 1972-73 school year 2 months prior to receiving his orders, petitioner immediately requested a military leave of absence from the school board. The board voted to release petitioner for the 1972-73 school year, provided "a suitable replacement" could be found.

Petitioner then supplied the board with names of three qualified instructors. The potential replacements, however, would only have been able to act as fill-in instructors until petitioner returned from reserve duty. The school board felt that this was an inadequate solution and preferred a permanent replacement. The board received more names of possible replacements, but it was November 1972 before a replacement teacher was hired and the agricultural program begun.

Because petitioner was at Fort Leavenworth, he did not report to work in August 1972. The school board then notified petitioner that his absence without permission constituted a breach of contract since no suitable replacement had been found. Petitioner demanded reinstatement to his position upon his return and was refused. A hearing was held, and the board ordered the petitioner's discharge as a tenured teacher. Petitioner then brought this proceeding to review the board's order. He contends, and the trial court agreed, that his employment rights are protected by Minn. St. 192.261, subd. 5(b). The trial court concluded, therefore, that the school board's order discharging petitioner was null and void.

The sole issue presented on appeal is one of statutory construction. Underlying statutes preserving employment rights for citizens who serve the military is the basic principle that a person who serves in the armed forces should not be penalized

for that service in civilian life. Tilton v. Missouri Pacific R. Co. 376 U. S. 169, 84 S. Ct. 595, 11 L. ed. 2d 590 (1964) ; Morton v. Gulf M. & O. R. Co. 405 F. 2d 415 (8 Cir. 1969). These provisions are liberally construed, so as to effectively implement their basic purposes, and are available to all who perform military service, whether that service is voluntary or involuntary. Rudisill v. Chesapeake & O. Ry. Co. 167 F. 2d 175 (4 Cir. 1948) ; Boston & Maine R. R. v. Hayes, 160 F. 2d 325 (1 Cir. 1947).[1]

If petitioner's employment rights are protected by § 192.261, subd. 5(b),[2] as the trial court held them to be, two threshold questions must be answered: (1) Are petitioner's rights determined by § 192.26, thus precluding him from the protection of § 192.261, subd. 5(b) ? (2) Is § 192.261, subd. 5(b), limited to periods of "war or other emergency?"

1.  Minn. St. 192.26 provides that public employees are entitled to leaves of absence for military service (for training or

---

[1] Minn. St. 192.261 was taken, for the most part, directly from sections of the Federal Selective Service Act. That act extends these same reemployment rights to employees of the Federal government and private employers, 50 USCA App., § 459(b, g).

[2] Minn. St. 192.261, subd. 5(b), provides in part: "Any such public officer or employee not covered by section 192.26, or by clause (a) of this subdivision shall, upon request, be granted a leave of absence by his employer for the period required to perform active duty for training or inactive duty training in the military forces. Upon his release from a period of such active duty for training or inactive duty training, or upon his discharge from hospitalization incident to that training, such employee shall be permitted to return to his position with such seniority, status, rate of pay, and vacation as he would have had if he had not been absent for such purposes. He shall report for work at the beginning of his next regularly scheduled working period after expiration of the last calendar day necessary to travel from the place of training to the place of employment following his release, or within a reasonable time thereafter if delayed return is due to factors beyond the employee's control."

Subd. 5(a) applies only to "an initial period of active duty for training," and is not applicable here.

active duty) with no loss of benefits *or pay* up to a maximum of 15 days per calendar year. Minn. St. 192.261, subd. 5(b), states that public employees not covered by § 192.26 are entitled to military leaves of absence for the amount of time necessary to complete any military training program. Such leaves may be taken with no loss of job, seniority, or benefits—but *without* pay. Thus, § 192.26 provides for limited periods of leave with pay; § 192.261, subd. 5(b), provides for longer periods of leave without pay. In both cases, benefits, seniority, and status are retained if the employee returns to work after his leave.

Petitioner contends, and the trial court agreed, that even though petitioner could have qualified for a 15-day leave with pay under § 192.26 (if, for instance, the training session had been limited to 15 days), he did not do so. Rather than choose to come under the 15-day paid leave provision, petitioner advised the school board that he needed a longer leave—without pay— pursuant to § 192.261, subd. 5(b). The trial court concluded that § 192.26 is applicable only where the leave does not extend beyond 15 days and § 192.261 is applicable to military leaves of longer duration. We affirm.

2. Subdivisions 1 to 4 of § 192.261 provide reemployment rights to public officers and employees who engage "in active service in time of war or other emergency." "Active service" is defined by Minn. St. 190.05, subd. 5.

Subdivision 5 of § 192.261 was enacted subsequent to the first four subdivisions and provides certain reemployment rights to the public officers and employees enumerated in subdivision 1 following leaves taken for purposes of "active duty for training" and "inactive duty training."

The school board asserts that subdivision 5 of § 192.261 should be limited in application to periods of war or national emergency. This argument rests on the fact that subdivision 1 makes its coverage "subject to the conditions hereinafter prescribed * * *." The school board contends that " war or other emergency" is such a condition and is applicable to subdivision 5.

The trial court found that "it seems clear * * * that Subd. 5 is to be interpreted as not modified by Subd. 1 [with regard to the 'war or other emergency' clause]." We agree. Subdivisions 1 to 4 and subdivision 5 have distinct areas of operation. Subdivisions 1 to 4 provide specified privileges to those serving actively in time of war or national emergency. Among these privileges are the rights, under certain conditions, to a reinstatement of job, seniority, and benefits. Subdivision 5 deals with a totally different type of service—that of peacetime active and inactive training periods.

Our interpretation of these statutory provisions is supported by all indications of legislative intent. Minn. St. 190.03 provides that the intent of the Military Code (Chapters 190 through 193) is to conform to Federal law relating to the same subjects. Federal law provides reemployment rights to employees of the Federal government and private employers who leave for periods of active or inactive training. Such leaves are not limited to periods of war or national emergency. 50 USCA App., § 459(g)(4). Furthermore, it is the express sense of Congress that these same rights be extended to state and municipal employees. 50 USCA App., § 459(b)(C).

We believe that our legislature has, with these statutes, provided public employees in Minnesota with comparable military rights. Accordingly, we affirm the judgment of the trial court.

Affirmed.