## MELVIN P. LEBENS v.
## WALTER C. HARBECK AND ANOTHER.

243 N. W. 2d 128.

May 21, 1976—No. 46452.

*Melvin P. Lebens*, pro se, for appellant.

*Walter C. Harbeck*, pro se, *Julius A. Coller II, Phillip P. Krass,* and *John Manahan*, for respondents.

PER CURIAM.

This is an appeal from an order of the Scott County District Court dismissing an election contest under Minn. St. 209.02 on the ground of lack of jurisdiction. The sole issue on appeal is whether Minn. St. 645.44, subd. 5, which prohibits personal service of civil process on state holidays, applies to substituted service of notice of an election contest upon a contestee. We hold that it does and affirm.

Minn. St. 209.02, subd. 4, provides that service of a notice of contest in an election case upon the persons specified in § 209.02, subd. 3, shall be made in the same manner as service of a summons in a civil action. In a number of cases we have held that the prohibition of service of civil process on holidays applies to personal service of a summons in a civil action. Chapman v. Foshay, 184 Minn. 318, 238 N. W. 637 (1931); Farmers Imp. Co. of Hallock v. Sandberg, 132 Minn. 389, 157 N. W. 642 (1916).

In view of § 209.02, subd. 4, the prohibition also applies to personal service of notice of an election contest, and the only issue is whether the service made in this case was "personal," or whether it was more akin to service by publication, which may be made upon a state holiday. Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915 (1892).

We believe that substituted service under Rule 4.03, Rules of Civil Procedure—that is, service upon an individual by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein—is a form of "personal" service. In fact, Rule 4.03 labels as personal this form of service. Also, the reason advanced for justifying the legislative prohibition of personal service on a holiday—namely, to protect people in their quiet enjoyment of a holiday without intrusion by process servers, Malmgren v. Phinney, *supra*,—applies as much to this type of personal service as to the so-called true form of personal service.

Because the right to contest an election is purely statutory, the provisions of the statute relating to the filing and serving of notice of contest must be strictly followed if the court is to acquire jurisdiction. Petrafeso v. McFarlin, 296 Minn. 120, 207 N. W. 2d 343 (1973). Here contestant did not validly serve notice of contest upon the contestee within 7 days following the completion of the canvass as required by § 209.02, subd. 3, and therefore the trial court properly dismissed the proceeding for want of jurisdiction.

It is arguable that the statutory prohibition does not make much sense these days, especially on holidays such as Veterans Day which few employers observe. However, if any change in the rule is to come, it should come from the legislature.

Affirmed.