Richard A. JACOBSON, et al.,
Respondents,

v.

WORLD OF COMPUTERS, INC., et al., Defendants,

James E. Sullivan, Appellant.

No. C5–87–1829.

Court of Appeals of Minnesota.

Dec. 22, 1987.

Kirk W. Reilly, Minneapolis, for respondents.

Thomas H. Goodman, Bruce Hedgcock, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LOMMEN,* JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Appellant appeals from the trial court's order denying his motion for summary judgment. On appeal, appellant contends the trial court erred in holding that delivery of the amended summons and complaint to appellant's wife at the couple's California residence was effective personal service pursuant to Minn.Stat. § 543.19 (1984).

## FACTS

In August, 1985, respondents made the first of several unsuccessful attempts to personally serve appellant, a nonresident. On February 20, 1986, respondents were finally able to deliver the summons and complaint to appellant's wife at the couple's California residence. No factual dispute exists concerning delivery of the amended summons and complaint to appellant's wife. Appellant concedes that he has received actual notice of respondent's lawsuit and that he has had sufficient minimum contact with the State of Minnesota to permit the trial court to exercise personal jurisdiction over him. Appellant's sole

argument is that he has not been effectively served pursuant to Minn.Stat. § 543.19.

## ISSUE

May a nonresident defendant properly be served, pursuant to Minn.Stat. § 543.19, subd. 2 (1986), by leaving the summons and complaint at the defendant's usual place of abode with some person of suitable age and discretion then residing therein?

## ANALYSIS

The only issue raised by this appeal is whether delivery of the amended summons and complaint to appellant's wife at the couple's California residence was effective service of process under Minnesota's Long–Arm Statute, Minn.Stat. § 543.19, subd. 2. This is a question of law. "Appellate courts need not defer to the trial court in reviewing questions of law." *Ruud v. Ruud*, 372 N.W.2d 851, 853 (Minn.Ct.App. 1985) (citing *Vandeloo v. Vandeloo*, 346 N.W.2d 173, 175 (Minn Ct.App.1984) (citations omitted)).

Minn.Stat. § 543.19, subd. 2, which governs service of process on nonresident defendants, provides that:

> The service of process on any person who is subject to the jurisdiction of the courts of this state * * * may be made by *personally serving* the summons upon the defendant outside this state with the same effect as though the summons has been personally served within this state.

*Id.* (emphasis added).

Appellant argues that the phrase "personally serving * * * the defendant," in Minn.Stat. § 543.19, subd. 2, requires delivery of the summons and complaint to the defendant in person and does not allow a defendant to be served by leaving the summons and complaint at defendant's usual place of abode. We disagree.

The Minnesota Supreme Court has stated that Minnesota's Long–Arm Statute should

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

be interpreted broadly to afford maximum protection to Minnesota residents.

> [T]he most basic interest of our legislature in enacting § 543.19 was to afford maximum protection to this state's residents injured by acts of non-residents; that is, to extend the extraterritorial jurisdiction of our courts to the maximum limits consistent with constitutional limitations.

*Hunt v. Nevada State Bank*, 285 Minn. 77, 96, 172 N.W.2d 292, 304 (1969), *cert. denied*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed. 2d 423 (1970).

Appellant does not contend the method of service used in this case exceeds constitutional limitations. Rather, appellant's contention is that the use of any method of service other than "in person" service exceeds the statutory authorization of Minnesota's Long–Arm Statute, Minn.Stat. § 543.19, subd. 2. The use of "in person" service is just one of the permissible methods of "personally serving" a nonresident defendant.

The supreme court, in *Lebens v. Harbeck*, 308 Minn. 433, 434, 243 N.W.2d 128, 129 (1976), held that:

> [S]ubstituted service under Rule 4.03, Rules of Civil Procedure—that is, service upon an individual by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein—is a form of "personal" service.

The decision in *Lebens,* while limited to defining what constitutes personal service pursuant to Minn.R.Civ.P. 4.03, is an example of the modern trend toward expansion of the definition of "personal service."

The supreme court, in *Stonewall Insurance Co. v. Horak,* 325 N.W.2d 134 (Minn. 1982), expanded the definition of personal service, pursuant to Minn.Stat. § 543.19, subd. 2, to include service by certified mail. The court stated that:

> [W]hen Minn.R.Civ.P. 4.03(a) is used to make personal service on a nonresident defendant under Minn.Stat. § 543.19

(1980), as in this instance, the service may be made by certified mail.

*Id.* at 136.

Finally, the United States District Court, in a case directly on point, stated that the method of service used in the present case, service upon a nonresident defendant by leaving the summons and complaint with defendant's wife at their residence, is permissible pursuant to Minnesota law. *Fingerhut Gallery, Inc. v. Stein,* 548 F.Supp. 206, 211 (D.Minn.1982).

Appellant admits that his wife received a copy of the amended summons and complaint, that he received notice of the complaint, and that he has suffered no prejudice due to the manner of service of the complaint. Appellant also concedes that the method of service used in this case would be proper if made pursuant to Minn. R.Civ.P. 4.03.

We hold that the method of service used in this case, leaving the amended summons and complaint with appellant's wife at their California residence, does not exceed the statutory authorization of Minnesota's Long–Arm Statute and is consistent with the court's philosophy of broadly interpreting provisions of Minnesota's Long–Arm Statute to afford maximum protection to Minnesota residents.

### DECISION

The trial court did not err, as a matter of law, in holding that appellant had been properly served pursuant to Minn.Stat. § 543.19, subd. 2.

**Affirmed.**