Jeff HOWE, et al., Appellants,

v.

CITY OF ST. CLOUD, Respondent.

No. C3–93–1949.

Court of Appeals of Minnesota.

April 19, 1994.

(property and building owned by municipality but operated by private tenant).

Marshall H. Tanick, Teresa Ayling, Mansfield & Tanick, P.A., Minneapolis, for appellant.

Gary N. Gustafson, Asst. St. Cloud City Atty., St. Cloud, for respondent.

Roger A. Peterson, Mark Young, Peterson, Engberg & Peterson, Minneapolis, for amicus curiae MN Professional Fire Fighters.

Carla Heyl, League of MN Cities, Shoreview, for amicus curiae League of MN Cities.

Considered and decided by KLAPHAKE, P.J., and LANSING and SHORT, JJ.

## OPINION

KLAPHAKE, Judge.

Appellants Jeff and Jim Howe sued the City of St. Cloud for wages they lost because they took military leave. The Howes argue that the district court erred in granting summary judgment for St. Cloud on their wage claims because the military leave act requires that they not lose pay because of their military service. Minn.Stat. § 192.26 (1990). We reverse and remand to allow the district court to calculate the wages owed to the Howes.

## FACTS

Appellants Jeff and Jim Howe are brothers who work for the respondent City of St. Cloud as firefighters. St. Cloud schedules its firefighters to work nine 24-hour shifts (216 hours) every 27 days. As federal law requires that firefighters be paid overtime for all hours over 204 worked during a 27-day cycle, see 29 U.S.C.A. § 207(k)(2) (West Supp.1993), St. Cloud firefighters usually work 12 hours of overtime during a cycle. But vacation and sick leave taken during a 27-day cycle are not included in the firefighters' total hours worked for purposes of calculating overtime.

The Howe brothers also are members of the Minnesota National Guard. They report for military duty for two weeks each year and one weekend each month. Before 1990, St. Cloud paid the Howe brothers for 24 hours for every 24-hour shift that they actually missed due to military service, up to 15

such shifts per year. Starting in 1991, the city paid the Howes for eight hours for every 24–hour shift missed due to military leave, up to 15 such shifts per year. In 1992, the city and the firefighters union negotiated a contract which provided that firefighters would be paid for up to 168 hours of military leave per calendar year.[1] The city also has refused to include military leave in the Howes' total hours worked during a 27–day cycle for purposes of calculating overtime.

In 1991, the Howe brothers sued the city for the wages they lost because the city paid them for less than 24 hours for the days they were on military leave. The parties later agreed to amend the complaint to add military leave wage claims for 1992. The brothers also sought overtime pay for those 27–day cycles when they would have received overtime if their military leave had been included in their total hours worked.

Both parties moved for summary judgment and submitted stipulated facts. The district court granted the city's motion for summary judgment. The court concluded that the Howes had failed to establish that the military leave act required the city to pay them for any more than eight hours per 24–hour shift that they missed due to military leave. The court also concluded that the Howes had failed to show that they were entitled to include their military leave as part of their total hours worked for overtime purposes.

## ISSUES

I. Does Minn.Stat. § 192.26 (1990) require the city to pay appellants for more than eight hours for every 24–hour shift that they miss due to military service, up to 15 such shifts per year?

II. Does Minn.Stat. § 192.26 (1990) require the city to include the Howes' military leave in their total hours worked for purposes of calculating overtime?

## ANALYSIS

### I.

The Howes first argue that Minn.Stat. § 192.26 entitles them to 15 days of military leave and that the term "day" should be defined in this case as a 24–hour day because the shift that they miss while on military leave is 24 hours long. We agree.

Minn.Stat. § 192.26 (1990) provides:

[A]ny officer or employee of the state or of any political subdivision, municipal corporation, or other public agency of the state who shall be a member of the national guard * * * shall be entitled to leave of absence from the public office or employment without loss of pay, seniority status, efficiency rating, vacation, sick leave, or other benefits for all the time when engaged with such organization or component in training or active service * * * but not exceeding a total of 15 days in any calendar year.

 The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (1990). When the words of a statute are clear and unambiguous, we must give effect to the plain meaning of the statute. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). Behind military leave statutes

is the basic principle that a person who serves in the armed forces should not be penalized for that service in civilian life.

*Byrne v. Independent Sch. Dist. No. 237*, 305 Minn. 49, 50–51, 232 N.W.2d 432, 434 (1975). Military leave provisions are construed broadly to give effect to this purpose. *Id.* at 51, 232 N.W.2d at 434.

On appeal from a motion for summary judgment, we must examine the record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Interpretation of a statute is a question of law subject to de novo review. *Schumacher v. Ihrke*, 469 N.W.2d 329, 332 (Minn.App.1991).

---

1. This number was derived by dividing a firefighters' 56–hour average work week by a regular employee's 40–hour average work week and multiplying this ratio by the 120 hours of military leave (8 hours times 15 days) to which an average employee is entitled.

St. Cloud schedules its firefighters to work 24–hour days. When the Howes miss a "day" due to military leave, they miss 24 hours of work. If the Howes are paid for less than 24 hours for each "day" missed due to military leave, they are penalized for their military service. To ensure that the Howes can take military leave without loss of pay as required by Minn.Stat. § 192.26, in this case they must be paid for 24 hours for every 24–hour day missed, up to 15 days per year.

The city argues that it has the inherent managerial authority to define "day" as less than 24 hours for the firefighters. *See Hennepin County Ambulance Drivers Ass'n v. County of Hennepin*, 394 N.W.2d 206, 208 (Minn.1986) (determining shift lengths and normal working hours are matters of inherent managerial concern). But in this case, there is no evidence that the city has defined "day" for the Howes as anything other than a 24–hour period. St. Cloud admits that it schedules its firefighters to work 24–hour "days." St. Cloud firefighters work nine such 24–hour "days" during every 27–day cycle. Even the military leave provision in the city's collective bargaining agreement with the firefighters recognizes that the firefighters work a 24–hour day. Thus, the record shows that in this case, the city has defined "day" for the Howes as 24 hours long.

The city also argues that its collective bargaining agreement with the firefighters modifies the provisions of Minn.Stat. § 192.-26. But "[w]here a statute and the terms or interpretation of a collective bargaining agreement are in conflict, the statute controls." *Urdahl v. Independent Sch. Dist. No. 181*, 396 N.W.2d 244, 247 (Minn.App.1986). Minn.Stat. § 192.26 provides that a public employee shall be entitled to take 15 days of military leave per year without loss of pay.

By limiting military leave to 168 hours, the city's collective bargaining agreement with the firefighters requires the Howes to serve eight of their entitled 15 days of military leave with loss of pay. Thus, the military leave term in the collective bargaining agreement is invalid because it directly conflicts with the "without loss of pay" requirement in Minn.Stat. § 192.26.

## II.

The Howes next argue that Minn. Stat. § 192.26 requires that their military leave be included in their total hours worked during a 27–day cycle for calculating overtime. Under the federal Fair Labor Standards Act (FLSA), St. Cloud firefighters assigned to work a 27–day cycle must be paid overtime for any hours over 204 worked in that cycle. *See* 29 U.S.C. § 207(k) (West Supp.1993) (firefighter with work period less than 28 days receives overtime for time worked over number of hours that bears same ratio to days in work cycle as applicable statutory overtime threshold bears to 28 days). But a firefighter is paid overtime under the FLSA only for hours where the firefighter performs activities "which are required for, and directly concerned with, the prevention, control or extinguishment of fires." 29 C.F.R. § 553.210(a)(4) (1989). Thus, under the FLSA, a firefighter is not required to be paid overtime for military leave.

But the FLSA does not prevent a state from applying a more generous overtime or minimum wage law. 29 U.S.C.A. § 218(a) (1985); *see also Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1421 (9th Cir.1990) (FLSA did not prevent state from applying its more generous overtime law to maritime workers covered by the FLSA); *Doctors Hosp., Inc. v. Silva Recio*, 558 F.2d 619, 621 (1st Cir.1977) (FLSA did not prevent application of Puerto Rico's more generous wage law). Nor does the FLSA preclude another statutory scheme from providing overtime. *See, e.g., Lanehart v. Horner*, 818 F.2d 1574, 1582 (D.C.Cir.1987) (under the Federal Military Leave Act, federal employee is paid overtime that would have been paid under FLSA if military leave had not been taken); *In re Overtime Compensation for Firefighters*, 62 Comp.Gen. 216, 218 (Feb. 28, 1983) (under Federal Military Leave Act, employee can be paid overtime that would have been paid if military leave had not been taken).

This does not create a conflict with FLSA provisions. As admitted by appellants,

FLSA overtime is reduced, but such reduction is recouped by the employee under the "leave with pay" provisions [in the federal military leave act], if they are interpreted as requiring that he shall not suffer a loss or reduction in pay.

*Lanehart,* 818 F.2d at 1582.

■ To comply with the "without loss of pay" requirement in Minn.Stat. § 192.26, we hold that the overtime that would have been paid under the FLSA if the firefighter had not taken military leave must be paid under the Minnesota Military Leave Act. In the present case, to avoid loss of pay from military duty, up to 15 days per year of the Howes' military leave must be included in their total hours worked for purposes of calculating overtime. This overtime must be paid not under the FLSA, but under Minn. Stat. § 192.26.

## DECISION

To avoid loss of pay from military service, St. Cloud must pay the Howes for 24 hours for every 24–hour shift that they miss due to military leave. As the collective bargaining agreement's military leave term causes the Howes to lose pay to which they otherwise would be entitled under the military leave act, that provision directly conflicts with Minn.Stat. § 192.26 and is invalid. To avoid loss of pay from military service, up to 15 days per year of the Howes' military leave must be used to calculate their total hours worked for paying overtime. But this overtime is paid under Minn.Stat. § 192.26 rather than under the FLSA. We reverse and remand to allow the district court to calculate the wages owed to the Howes.

**Reversed and remanded.**

LANSING, Judge (dissenting).

I respectfully dissent from the majority opinion insofar as it holds that the city's collective bargaining agreement with the firefighters is void because it conflicts with the statute. The statute provides that a public employee shall be entitled to military leave without loss of pay not to exceed fifteen days per year. Minn.Stat. § 192.26. The city and the firefighters' union negotiated a contract

that provided firefighters would be paid up to 168 hours of military leave per calendar year. This number is an upward adjustment to take into account the extent to which the firefighters' fifty-six hour average work week exceeds the conventional forty-hour work week.

I agree that when there is a conflict between the terms of a collective bargaining agreement and the terms of a statute, that the statute controls. *See Jerviss v. Independent Sch. Dist.,* 273 N.W.2d 638, 644 (Minn. 1978); *International Bhd. of Teamsters, Local No. 320 v. City of Minneapolis,* 302 Minn. 410, 417–18, 225 N.W.2d 254, 258 (1975). I do not agree that the collective bargaining agreement's practical solution for arriving at a definition of a firefighters' average day is in conflict with Minn.Stat. § 192.26.