John F. NIESZNER, Appellant,

v.

ST. PAUL SCHOOL DISTRICT NO. 625, Respondent.

No. C5–01–1806.

Court of Appeals of Minnesota.

May 14, 2002.

Gary M. Rankila, Richard P. Osborne, Minneapolis, for appellant.

Nancy L. Cameron, St. Paul, for respondent.

Considered and decided by PETERSON, Presiding Judge, HALBROOKS, Judge, and FOLEY, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HALBROOKS, Judge.

Appellant challenged the results of a veteran's preference hearing in district court, and the court dismissed the case for lack of personal jurisdiction. Appellant contends that (1) the district court erred in ruling that Minn. R. Civ. P. 4.03(e)(4) applies to service of the notice of appeal required by Minn.Stat. § 197.46 (2000); and (2) once the court dismissed his appeal, the court administrator had no legal authority to tax costs against him. Because service of the notice of appeal pursuant to section 197.46 commences a civil action and appellant did not comply with the service requirements of rule 4, and because a district court has authority to award costs to a prevailing party after dismissing the action for lack of personal jurisdiction, we affirm. Respondent's motion to strike a portion of appellant's appendix that contained an affidavit that was not part of the district court's record is granted.

## FACTS

Appellant John Nieszner is a veteran entitled to the protection of Minn.Stat. § 197.46 (2000), the Minnesota Veterans Preference Act. Appellant was employed as a teaching assistant II and a bus monitor at a St. Paul public school from October 4, 1999, to June 20, 2000, when he was terminated for unsatisfactory job performance. Pursuant to Minn.Stat. § 197.46, appellant requested a hearing before the civil service commission. Following a three-day hearing, the commission upheld the termination by a notice dated March 7, 2001.

On March 22, 2001, appellant mailed two copies of a notice of appeal to the school district superintendent, one by first-class mail and one by certified mail. Appellant filed the notice of appeal with the district court on March 30, 2001. Respondent moved to dismiss the appeal, contending that (1) the district court lacked subject-matter jurisdiction because the notice was not served on the "officer making the charges" as required by section 197.46; (2) the district court lacked personal jurisdiction because the notice was mailed and not personally served; and (3) appellant's notice failed to state a claim upon which relief could be granted. The district court dismissed the appeal based on lack of personal jurisdiction. The court ruled that the service was ineffective because section 197.46 does not provide for service of a notice of appeal by mail and the superintendent was not personally served in accordance with Minn. R. Civ. P. 4.03(e)(4). The court taxed costs against appellant, which appellant paid. This appeal follows.

## ISSUES

1. Did the district court err by dismissing an appeal under Minn.Stat. § 197.46 (2000) for lack of personal jurisdiction when appellant failed to serve notice of the appeal in accordance with Minn. R. Civ. P. 4.03(e)(4)?

2. Did the court administrator have authority to tax costs against appellant after the district court dismissed his appeal for lack of personal jurisdiction?

## ANALYSIS

■ Statutory construction and the existence of personal jurisdiction are questions of law, which this court reviews de novo. *Ryan Contracting, Inc. v. JAG Inv., Inc.*, 634 N.W.2d 176, 181 (Minn. 2001).

### I.

Minnesota Statutes section 197.46 (2000) provides certain protections for veterans separated from military service under honorable conditions who are employed by school districts, among other public enti-

ties. Pursuant to the statute, a veteran may only be removed from employment following a hearing and upon a showing of misconduct or incompetence. A request for a hearing before the civil service commission "shall be made in writing and submitted by mail or personal service to the * * * [employer]." *Id.* Following the hearing, the statute provides that:

> The veteran may appeal from the decision of the board upon the charges to the district court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in * * * the district court within ten days after service thereof.

*Id.*

The meaning of the language "to be served upon the * * * officer making the charges" is the crux of this appeal and presents this court with a case of first impression. The district court ruled that, because a notice of appeal is a commencement of a civil action, service must be made in accordance with Minn. R. Civ. P. 4.03(e)(4), which requires personal service.[1] Because appellant mailed the notice of appeal to the school district superintendent, but did not personally serve a proper person within the statutory 15–day time frame, the district court dismissed the matter for lack of personal jurisdiction.

Appellant contends that an appeal from Minn.Stat. § 197.46 formally begins when it is filed in district court, not when it is "preliminarily served" on the opposing party. As a result, appellant asserts that the manner of serving the notice of appeal is merely a continuation of the administrative hearing process and is not governed by the rules of civil procedure.[2]

Statutory provisions for service of notice must be strictly followed for a court to acquire jurisdiction. *Lebens v. Harbeck,* 308 Minn. 433, 434, 243 N.W.2d 128, 129 (1976). But rules concerning the commencement of an action should be construed to provide a single, uniform course of procedure applicable to all civil actions. *Leek v. Am. Express Prop. Cas.,* 591 N.W.2d 507, 508–09 (Minn.App.1999), *review denied* (Minn. July 7, 1999). Absent personal service of process, or waiver of service by the defendant, a court ordinarily may not exercise jurisdiction over a defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999).

In support of his position, appellant contends that section 197.46 permits service of notice of appeal by mail because the statute permits a veteran to request a hearing on a termination by either mail or personal service. The statute uses the verb "submitted" in reference to the handling of the veteran's written request for a hearing before the civil service commission. In contrast, the statute requires that the subsequent notice of appeal to the district court "be served." *See* Minn.Stat. § 645.19 (2000) ("Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer.").

---

1. The district court did not analyze this matter under Minn. R. Civ. P. 4.05 (service by mail) because an acknowledgment of service did not accompany the mailed notice of appeal.

2. Appellant further argues that the notice of appeal in this case is "superfluous" because respondent need not answer or otherwise respond to a notice of appeal, as one must, for example, to a summons. But appellant did not raise this theory below. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (issues raised below will not be heard on appeal under new theory).

■ We note that appellant could have served respondent by adhering to the service-by-mail procedures of Minn. R. Civ. P. 4.05, which require the served party to sign and return an acknowledgment of service. Appellant concedes that the notice of appeal sent by certified mail fails to constitute service under rule 4.05, but argues that service under rule 4.05 would be impossible under section 197.46 because "a savvy respondent would always be able to run out the time periods" and defeat district court jurisdiction. But this is true any time a litigant relies solely on service by mail. A litigant must be prepared to serve the intended party personally if the party fails to return the signed acknowledgment of service within the timeframe for answering the complaint. *See* Minn. R. Civ. P. 4.05.

■ Appellant also argues that the provision requiring that a hearing request be "submitted by mail or personal service" is ambiguous, suggesting that a hearing may be requested by either "mail service" or "personal service." Appellant contends that the service of the notice of appeal may be by either means as well. But a plain reading of the statute suggests that "mail" and "personal service" are separate terms, and "personal service" is an unambiguous, common-law term. *See Bardwell v. Anderson,* 44 Minn. 97, 103, 46 N.W. 315, 317–18 (1890) (stating that under common law, "personal service" was required for jurisdiction). Moreover, statutory words should be given their plain meaning, and appellant's interpretation of the service provision is inconsistent with the ordinary meaning of the term "personal service." *See* Minn.Stat. § 645.08(1) (2000) ("Words and phrases are construed according to the rules of grammar and according to their common and approved usage[.]").

■ Appellant asserts that service in this case is governed by Minn. R. Civ. P. 5. Rule 5.01 provides that

[e]xcept as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint * * * and every written notice * * * shall be served upon each of the parties.

Rule 5.02 authorizes service of such documents by mailing papers to a party's attorney. Respondent, however, was never a party to a civil action subject to rule 5, which "clearly govern[s] service on one who is already a party." *See Ryan,* 634 N.W.2d at 187 (the lenient service requirements of rule 5.02 only apply once one is made a party).

■ Finally, appellant suggests that the remedial purpose of the Minnesota Veterans Preference Act would be frustrated by requiring strict personal service of the notice of appeal, especially when respondent had actual notice of the appeal. But certified mail does not constitute service by mail under rule 4.05. And actual notice of a lawsuit will not subject a defendant to personal jurisdiction absent substantial compliance with the personal-service requirements set forth in rule 4. *Tullis v. Federated Mut. Ins. Co.,* 570 N.W.2d 309, 311 (Minn.1997). As appellant concedes, the substantial-compliance exception has only been applied when a party has attempted substitute service in accordance with the rules of civil procedure. *See Thiele,* 425 N.W.2d at 584 (finding jurisdiction when there was actual notice and service under rule 4.03 by leaving the summons at a potential party's office). Here, appellant did not attempt to serve respondent in accordance with either rule 4.03 or rule 4.05.

■ We conclude that service of a notice of appeal pursuant to section 197.46 commences a civil action for purposes of the rules of civil procedure. The statute itself provides that, when filing the appeal in district court, one must attach the proof

of service of the notice of appeal. *See* Minn.Stat. § 197.46 (requiring filing of the original notice of appeal with proof of service thereof within ten days of service of the notice). Section 197.46 reasonably provides for less formal notice, such as by mail, for the initial administrative hearing, and yet requires stricter notice for summoning the other party into district court for an appeal. And while the rules of civil procedure "do not supersede the provisions of statutes relating to appeals to the district courts," Minn. R. Civ. P. 81.02, nothing in section 197.46 suggests that the notice of appeal may be served in any manner other than by the rules. Moreover, "all * * * statutes inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice, and procedure in the district court." Minn. R. Civ. P. 81.01(c).

■ Established precedent also supports our conclusion. Personal service is generally governed by rule 4.03, and when a statute does not specify how a summons should be served to commence an action, the rules of civil procedure apply. *Ryan*, 634 N.W.2d at 186–87 (holding service of process in a lien action was ineffective when not personally served despite service on a joint-venture partner, actual notice, and no prejudice). While initially administrative in nature, once an aggrieved person files a statutory appeal of a civil service commission's decision to the district court, it becomes a judicial inquiry and an adversarial proceeding between parties. *Andrusick v. City of Apple Valley*, 258 N.W.2d 766, 768 (Minn.1977) (holding ineffective service of a notice of appeal of a tax assessment on a holiday). These cases are not limited to lien statutes or assessment appeals, but stand for the general rule that service of process must strictly comply with rule 4 of the rules of civil procedure.

## II.

■ Pursuant to Minn.Stat. § 549.02 (2000), costs and disbursements are available to the "prevailing party" in all cases in district court. The district court shall allow reasonable costs to a prevailing party in a district court action. *Benigni v. County of St. Louis*, 585 N.W.2d 51, 54 (Minn.1998).

Appellant argues that a court's determination that it "does not have jurisdiction precludes the court from taking any further action." But Minn. R. Civ. P. 54.04 provides that any party objecting to the court administrator's taxation of costs or disbursements must "specify in writing the grounds thereof" and "file a notice of appeal." Appellant did not dispute the costs assessed against him below, and this court will not hear an appeal from taxation of costs that was not presented to the district court. *Taylor v. N. States Power Co.*, 196 Minn. 22, 24, 264 N.W. 139, 140 (1935).

■ Appellant cites no authority for the proposition that a district court cannot tax costs against the losing party. Minn. Stat. § 549.02, subd. 1 (2000), provides that a district court shall award costs to a defendant when the action against it is dismissed. The plain language of the statute gives a district court authority to assess costs to a prevailing defendant, even if the court dismissed the action for lack of personal jurisdiction.

## DECISION

The district court properly dismissed appellant's statutory appeal pursuant to Minn.Stat. § 197.46 (2000) for lack of personal jurisdiction when appellant failed to serve respondent with the notice of appeal according to Minn. R. Civ. P. 4.03(e)(4). Minn.Stat. § 549.02 (2000) allows the court administrator to assess costs in favor of respondent, the prevailing party.

Respondent moved to strike an affidavit contained in appellant's reply brief. The

record on appeal consists only of the "papers filed in the trial court, the exhibits, and the transcript of the proceedings." Minn. R. Civ. P. 110.01. Because appellant's affidavit contains information not raised with the district court, respondent's motion to strike is granted.

**Affirmed; motion granted.**

FOLEY, Judge (dissenting).

I respectfully dissent and assert that requiring strict personal service of the notice of appeal, especially when respondent had adequate notice by service on the superintendent, frustrates the fundamental purpose of the Minnesota Veterans Preference Act (the act), which is to safeguard veterans in their employment. The remedial nature of the provisions of a veteran's employment-benefits statute must be liberally construed in favor of veterans. *See, e.g., Byrne v. Indep. Sch. Dist. No. 237,* 305 Minn. 49, 50–51, 232 N.W.2d 432, 434 (1975) ("Underlying statutes preserving employment rights for citizens who serve the military is the basic principle that a person who serves the armed forces should not be penalized for that service in civilian life."). And

> [a] rule of civil procedure is inconsistent or in conflict with the provisions of a statute if the essential purpose of the statute would be frustrated by application of the rule.

*In re Pet. of Brainerd Nat'l Bank,* 383 N.W.2d 284, 286 (Minn.1986).

In this case, appellant mailed two copies of the notice of appeal to the superintendent (a person upon whom proper service can be made); one copy was sent by certified mail. While certified mail does not constitute service by mail under Minn. R. Civ. P. 4.05, both procedures require signing an acknowledgement of receipt. Respondent does not contend that it was prejudiced or that it lacked actual notice of the appeal. Neither did respondent petition for review of the district court's ruling on whether the superintendent was a proper person for service. Under the circumstances, appellant substantially complied with the service requirements. *See O'Sell v. Peterson,* 595 N.W.2d 870, 872 (Minn. App.1999) ("[s]ubstantial compliance combined with actual notice will subject an individual to personal jurisdiction."); *Larson v. Hendrickson,* 394 N.W.2d 524, 526 (Minn.App.1986) ("When actual notice of the action has been received by the intended recipient, 'the rules governing such service should be liberally construed.'" (citation omitted)).

*Ryan Contracting, Inc. v. JAG Inv.,* 634 N.W.2d 176 (Minn.2001), relied on by the majority, was decided by a divided court, did not involve the act, and should not control the decision in this case.

Because courts must liberally construe the provisions of the act, the district court acquired jurisdiction from the service that appellant chose. Preventing district court review of appellant's termination based on a technicality ignores the benevolent and protective purpose of the act, which was adopted by the legislature for and on behalf of the grateful citizens of Minnesota.