**In the Matter of the Order to Comply:
Labor Law Violation of DALEY
FARM OF LEWISTON.**

No. A11–1788.

Court of Appeals of Minnesota.

July 9, 2012.

Paul V. Sween, Megan A. Burroughs, Adams, Rizzi & Sween, P.A., Austin, MN, for relator Daley Farm.

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, MN, for respondent Minnesota Department of Labor and Industry.

Considered and decided by ROSS, Presiding Judge; WRIGHT, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Relator Daley Farm of Lewiston, L.L.P. (Daley Farm) challenges an order by respondent Minnesota Department of Labor and Industry (DLI) ordering it to pay overtime to its agricultural employees, arguing that the department incorrectly interpreted the agricultural exemption of the Minnesota Fair Labor Standards Act (MFLSA), Minn.Stat. §§ 177.21–.35 (2010), to be limited to employees paid a salary as

defined by Minn. R. 5200.0211, subp. 1 (2011). Because the department correctly interpreted the statutory exemption, we affirm.

## FACTS

DLI issued a compliance order, determining that Daley Farm violated the MFLSA by failing to pay overtime compensation to its hourly agricultural employees. Daley Farm challenged the order, arguing that its hourly employees fit within a statutory exemption for agricultural employees, Minn.Stat. § 177.23, subd. 7(2). Contested-case proceedings were initiated, and Daley Farm moved for summary disposition on the exemption issue. An administrative law judge (ALJ) held a hearing, concluded that Daley Farm's employees met the exemption, and recommended that the order to comply be dismissed. An assistant commissioner for DLI rejected that recommendation and affirmed the order to comply, explaining that hourly workers do not qualify for the agricultural exemption. Following the dismissal of a premature appeal, the ALJ made findings as to the amounts of unpaid overtime compensation due to each employee. The assistant commissioner adopted those findings and issued a final order requiring Daley Farm to cease and desist its violative pay practices and to pay the unpaid overtime plus an equal amount as liquidated damages. This appeal followed.

## ISSUES

Did the commissioner of the DLI err by determining that agricultural workers who are paid on an hourly basis are not exempt from the overtime requirements of the MFLSA?

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ The MFLSA "establishes minimum wages and overtime compensation standards that apply to all employees who are not specifically exempt from the requirements of the Act." *Erdman v. Life Time Fitness, Inc.*, 788 N.W.2d 50, 55 (Minn. 2010). The commissioner of the DLI, or his designee, is authorized to enforce the MFLSA through actions including the issuance of orders to comply. Minn.Stat. § 177.27, subds. 4, 7. If an employer timely challenges an order to comply, a contested-case proceeding must be initiated pursuant to Minn.Stat. § 14.59–.69 (2010). *Id.* This court's review of the agency's final decision is governed by Minn.Stat. § 14.69, which allows for reversal of the decision if it is legally erroneous. Agency decisions enjoy a presumption of correctness. *In re Petition of Excelsior Energy, Inc.*, 782 N.W.2d 282, 289 (Minn.App.2010).

Under the MFLSA, employers generally are prohibited from requiring employees to work more than 48 hours per week "unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1–1/2 times the regular rate at which the employee is employed." Minn.Stat. § 177.25, subd. 1. But the MFLSA creates an exemption for certain agricultural workers, by excluding from the definition of an employee "any individual employed in agriculture on a farming unit or operation who is paid a salary greater than the individual would be paid if the individual worked 48 hours at the state minimum wage plus 17 hours at 1–1/2 times the state minimum wage per week." Minn.Stat. § 177.23, subd. 7(2).

■ It is undisputed that Daley Farm's employees were "employed in agriculture on a farming unit or operation." Daley Farm contends that its employees meet the statutory exemption because their weekly wages exceeded the threshold set by the statute. But DLI asserts that agricultural workers must be paid on a salaried—rather than hourly—basis in order to fit within the exemption. Thus, the dispute in this case centers on the meaning of "salary" in the statutory exemption.

The MFLSA does not define "salary," but the statute authorizes the commissioner to "adopt rules, including definitions of terms, to carry out the purposes of sections 177.21 to 177.44, to prevent the circumvention or evasion of those sections, and to safeguard the minimum wage and overtime rates established by sections 177.24 and 177.25." Minn.Stat. § 177.28, subd. 1. The DLI has promulgated a rule providing that "[a] salary is not an hourly rate. An employee is paid a salary if the employee, through agreement with an employer, is guaranteed a predetermined wage for each workweek." Minn. R. 5200.0211. As a promulgated rule, DLI's definition of salary has "the force and effect of law." Minn.Stat. § 14.38, subd. 1 (2010); *U.S. West Material Res., Inc. v. Comm'r of Revenue*, 511 N.W.2d 17, 20 n. 2 (Minn.1994). Because salary is defined by the rules to require a predetermined wage for each workweek, we must reject Daley Farm's assertion that the commissioner erred by determining that the statutory exemption does not apply to Daley Farm's employees who are paid on an hourly basis.

Daley Farm asserts that the term "salary" in section 177.23, subd. 7(2) should be construed more generally to refer to an employee's wages. We disagree, because construing the statute in this manner would require us to disregard the commissioner's authorized and legally binding rule defining salary.

Daley Farm also asserts that the commissioner's determination is contrary to this court's decision in *Wenigar v. Johnson*, 712 N.W.2d 190 (Minn.App.2006). There, we addressed multiple employment-

based claims arising out of abusive working conditions experienced by an agricultural employee of a pig farm. *Id.* at 196–97. We held that the employee could not support a claim under the MFLSA because his annual earnings exceeded the statutory threshold for agricultural workers in Minn.Stat. § 177.23, subd. 7(2). *Id.* at 204–05 (setting forth calculations). Although the employee was paid an hourly wage, *id.* at 197, we were not presented with the question of whether the exemption is limited, by operation of Minn. R. 5200.0211, to employees paid on a salaried basis. Because *Wenigar* did not expressly address that issue, we disagree with Daley Farm's assertion that it should control our decision here.

■ Daley Farm finally asserts that the federal FLSA, which exempts agricultural workers without regard to their salaried or hourly status, 29 U.S.C. § 213(a)(6) (2011), preempts a narrower MFLSA agricultural exemption. But "[t]he areas of minimum wage and overtime are subject to dual regulation by the state and federal governments. If the employment falls within the jurisdiction of both state and federal law, the employer must comply with the law that sets the higher standard." *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 611 n. 1 (Minn.2008) (citation omitted). We agree with the commissioner that, in this circumstance, the MFLSA provides the higher standard—requiring overtime compensation for all but high-salaried agricultural workers—and thus should control.

Notably, the FLSA includes a savings clause, which provides that "[n]o provision of this chapter ... shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."

29 U.S.C. § 218(a) (2011). Federal courts have applied this savings clause to reject the very argument that Daley Farm makes here, that is, that the FLSA preempts states from applying statutory overtime requirements to categories of workers exempted from the requirements of the federal act. *See Pac. Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1419 (9th Cir.1990) (holding that FLSA exemption for seamen did not preclude California from applying state statutory overtime requirements to California-resident seamen); *Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d Cir.1986) (holding that FLSA exemption for interstate motor carriers did not preclude New York from applying state statutory overtime requirements to those workers); *Williams v. W.M.A. Transit Co.*, 472 F.2d 1258, 1263 (D.C.Cir. 1972) (same).

■ As one court explained, the savings clause "expressly contemplates that workers covered by state law as well as [the] FLSA shall have any additional benefits provided by the state law—higher minimum wages; or lower maximum workweek. By necessary implication it permits state laws to operate even as to workers exempt from the FLSA." *Williams*, 472 F.2d at 1261; *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir.2011) (explaining that FLSA savings clause "demonstrates Congress' intent to allow state wage laws to co-exist with the FLSA by permitting explicitly, for example, states to mandate greater overtime benefits than the FLSA"); *Howe v. City of St. Cloud*, 515 N.W.2d 77, 80 (Minn.App.1994) (recognizing that "the FLSA does not prevent a state from applying a more generous overtime or minimum wage law"). Accordingly, we reject Daley Farm's assertion that Minnesota is precluded from applying its statutory overtime requirements to employees who fit within the agricultural exemption of the federal FLSA.

## DECISION

The commissioner of the DLI did not err by concluding that employees who are paid on an hourly basis do not come within the agricultural exemption to the overtime requirements of the MFLSA.

**Affirmed.**