*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0304**

Ann Dorothy Ruch,
Appellant,

vs.

Robbert P. Osterholt, et al.,
Respondents.

**Filed September 8, 2015
Affirmed
Hooten, Judge**

LeSueur County District Court
File No. 40-CV-14-250

Karl O. Friedrichs, Friedrichs Law Office, Mankato, Minnesota (for appellant)

Lisa M. Chesley, Chesley, Harvey and Carpenter, Mankato, Minnesota (for respondents)

Considered and decided by Reilly, Presiding Judge; Hooten, Judge; and Toussaint, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the district court's vacation of a default judgment on the basis of insufficient service, arguing that the district court erred by concluding that

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

compliance with California's service requirements is not sufficient under Minnesota law to confer personal jurisdiction over nonresident defendants. We affirm.

## FACTS

On March 11, 2014, appellant Ann Dorothy Ruch filed a complaint in Minnesota district court against respondents Robbert P. Osterholt and Apomix, LLC, alleging, among other things, fraud and wrongful conversion of insurance proceeds and requesting monetary relief in the amount of $74,000. Osterholt is the listed manager of Apomix. Prior to filing the complaint, Ruch tried to serve respondents at the registered address of Apomix, which was in Minnesota, but learned that Apomix was no longer at that address. Ruch then tried to serve respondents at Osterholt's California address, which was the address of The UPS Store where Osterholt rented a commercial post office box. On February 3, 2014, a Los Angeles County Sheriff's Deputy served the summons and complaint by delivering them to an employee of The UPS Store, who accepted the summons and complaint on behalf of Osterholt. The deputy then mailed the summons and complaint to Osterholt at the same address by first class mail, postage prepaid. The summons required respondents to answer Ruch's complaint within 20 days to avoid a default judgment.

Respondents did not answer, and at the same time that Ruch filed her complaint with the district court, she also filed an affidavit of no answer. On March 24, 2014, Ruch obtained a default judgment in the amount of $74,607. On November 7, 2014, respondents moved to vacate the default judgment, alleging that they were not properly

2

served and that Osterholt had only recently discovered the judgment against him and Apomix after checking his credit report.

In a December 23, 2014 order, the district court granted respondents' motion to vacate. It reasoned that, although Ruch had complied with California's rule for substitute service, she had not complied with Minnesota's service rules.[1] This appeal followed.

## D E C I S I O N

Ruch contends that the district court erred by vacating the default judgment. She argues that the substitute service here was sufficient to confer personal jurisdiction under Minnesota's long-arm statute because it constituted sufficient service in the state where the substitute service was completed. Respondents argue that the district court correctly determined that service was insufficient because it did not comply with Minnesota law.

A party may be granted relief from a judgment if the judgment is void. Minn. R. Civ. P. 60.02(d). A judgment is void if the issuing court lacked personal jurisdiction over the parties due to failure of service. *Bode v. Minn. Dep't of Nat. Res.*, 594 N.W.2d 257, 261 (Minn. App. 1999), *aff'd*, 612 N.W.2d 862 (Minn. 2000). Unlike the other provisions of rule 60.02, the question of whether to vacate a void judgment involves no discretion on the part of the district court; a void judgment must be set aside. *Comm'r of Nat. Res. v. Nicollet Cty. Pub. Water/Wetlands Hearings Unit*, 633 N.W.2d 25, 31 (Minn. App. 2001), *review denied* (Minn. Nov. 13, 2001).

---

[1] Following the district court's vacation of the default judgment, respondents filed their answer on January 7, 2015.

"Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). In conducting this review, we "apply the facts as found by the district court unless those factual findings are clearly erroneous." *Id.* Service of process in a manner not specifically authorized by rule or statute is ineffective. *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999), *review denied* (Minn. July 28, 1999).

Personal service upon an individual within Minnesota may be made "by delivering a copy [of the summons] to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Personal service upon a limited liability company may be made by delivering a copy of the summons to a "registered agent," a manager, or the secretary of state. Minn. Stat. § 322B.876, subd. 1 (2014). Personal service of the summons may also be made outside the state. Minn. R. Civ. P. 4.04(b). Minnesota's long-arm statute provides for personal jurisdiction, in certain circumstances, over a foreign company or nonresident "in the same manner as if it were a domestic [company] or the individual were a resident of this state." *See* Minn. Stat. § 543.19, subd. 1 (2014). One of these circumstances is when the nonresident "commits any act in Minnesota causing injury." *Id.*, subd. 1(3). Because respondents' alleged fraud and conversion occurred in Minnesota, they were subject to personal jurisdiction in Minnesota. When a nonresident is subject to personal jurisdiction based on the long-arm statute, service of process "may be made by personally serving the summons upon the

defendant outside this state with the same effect as though the summons had been personally served within this state." *Id.*, subd. 2 (2014).

In *Jacobson v. World of Computers, Inc.*, Minnesota plaintiffs personally served an individual defendant in California by delivering the summons and complaint to the defendant's wife at the couple's California home. 416 N.W.2d 845, 846 (Minn. App. 1987). The defendant received actual notice of the lawsuit and had sufficient minimum contacts with Minnesota to otherwise confer personal jurisdiction. *Id.* On appeal, the defendant argued that the service was insufficient because Minnesota's long-arm statute requires in-person service to a defendant himself. *Id.* This court disagreed. We noted that substitute service under rule 4.03(a) is a form of personal service. *Id.* at 847. Because the plaintiffs' substitute service would have been proper if completed in Minnesota, we held that the service was proper and comported with Minnesota's long-arm statute. *Id.*

Ruch does not claim that her service of Osterholt was consistent with the requirements of Minn. R. Civ. P. 4.03(a) for personal service upon an individual, or that her service of Apomix was consistent with the requirements of Minn. Stat. § 322B.876 for personal service upon a limited liability company. Instead, she argues that her service on Osterholt—as listed manager of Apomix—at Osterholt's California address was consistent with the requirements of Minn. R. Civ. P. 4.03(c). This argument is unpersuasive for several reasons. First, rule 4.03(c) refers only to service upon a corporation, and Apomix is a limited liability company, not a corporation. Second, even if rule 4.03(c) applied, Ruch's argument would fail. Under rule 4.03(c), service upon a

corporation shall be made by delivering the summons "to an officer or managing agent" of the corporation, "or to any other agent authorized expressly or impliedly . . . to receive service of summons." While Osterholt was the "managing agent" of Apomix, the process server did not serve Osterholt. The process server served an employee at The UPS Store where Osterholt held a commercial post office box. According to the affidavit of The UPS Store employee, Osterholt signed an agreement when he purchased the box indicating that employees of The UPS Store could accept documents on behalf of Osterholt. But, even if the employee was an "agent" of Osterholt, he was not an "agent" of Apomix under rule 4.03(c), and therefore the process server's attempt to serve Apomix was not consistent with this rule. Third, although the rules of civil procedure do not specifically designate a method of service upon a limited liability company, section 322B.876 explicitly applies, but Ruch has made no argument that her service complied with this section. Finally, we conclude that Ruch's service upon an employee of The UPS Store failed to meet the service requirements of section 322B.876 because the employee was not a "registered agent" as that term is defined by statute. *See* Minn. Stat. § 5.36, subds. 2–3 (2014) (requiring a business entity that chooses to designate a registered agent to do so in its formation document or by filing a statement with the secretary of state, and requiring a business entity that changes its registered agent to do so by filing a statement with the secretary of state).

Relying on *Jacobson*, Ruch next argues that substitute service that meets the due process requirements in the state where substitute service is completed is sufficient to confer personal jurisdiction under Minnesota's long-arm statute. *See id.* at 846–47 ("The

6

Minnesota Supreme Court has stated that Minnesota's Long-Arm Statute should be interpreted broadly to afford maximum protection to Minnesota residents."). This argument is unpersuasive because *Jacobson* is distinguishable from this case. The *Jacobson* court interpreted the term "personal service" in the long-arm statute by looking to other Minnesota law: rule 4.03. *See id.* In contrast, Ruch asks this court to interpret the term "personal service" by looking to foreign law. These are two very different propositions, and nothing in *Jacobson* supports Ruch's argument.

Ruch also relies on *Stonewall Ins. Co. v. Horak*, 325 N.W.2d 134 (Minn. 1982). In that case, the plaintiff served an individual defendant by certified mail to the defendant's army post office box in New York. *Id.* at 135. The defendant "received the pleadings and personally signed the green return receipt card attached to the mailing envelope. [He] then forwarded the pleadings to his insurer." *Id.* The supreme court held that this was sufficient service of process under Minnesota's long-arm statute. *Id.* at 136. The supreme court emphasized that the defendant had "actual notice" of the lawsuit and concluded that "actual, timely notice should be equivalent to personal service in the situation we have here." *Id.* The court also affirmed the longstanding rule that, "where service is made by mail and actually reaches the party to be served within the required time, it is equivalent to personal service." *Id.* at 135 (quotation omitted).

This case is distinguishable from *Horak* because there is no evidence that respondents had actual notice of the lawsuit within the timeframe available to answer the complaint. Ruch's process server did not use certified mail to serve the summons and

complaint, and there is no evidence that the summons and complaint actually reached respondents within the 20-day period.

Ruch contends that, as a matter of public policy, this court should apply California law to determine whether sufficient service occurred. She argues that, if this court fails to do so, "efforts by Minnesota residents to recover damages would be thwarted by out of state parties who use chicanery, like using private rented mail boxes as a shell game, to avoid service of process." She further argues that to "limit" service requirements to Minnesota's own service requirements would afford nonresident defendants "more due process protection than the protections they are granted in the state in which they have chosen to reside or do business." These arguments are unpersuasive. We fail to see how a Minnesota court that adheres to Minnesota's own service requirements is "limit[ing]" its service requirements. Ruch's argument about the different protections afforded by different states cuts both ways, as it is conceivable that some states have more onerous service requirements than Minnesota. And, it would be unreasonable for Minnesota parties and courts to subject themselves to the vicissitudes of other states' service-of-process rules. Finally, we note that "the task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court." *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn. App. 1987), *review denied* (Minn. Dec. 18, 1987).

We conclude that respondents were not properly served because Ruch did not effectuate personal service or substitute service under Minnesota law. Accordingly, the

8

default judgment was void for lack of personal jurisdiction, and the district court did not err by vacating the default judgment.

**Affirmed.**